No. 20957.

LARRY J. WATTS *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(411 P.2d 335)

Decided February 28, 1966.

EUGENE DEIKMAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

WE shall refer to plaintiff in error, Larry J. Watts, either by name or as the defendant.

Watts, then 16 years of age, was charged in an information, under C.R.S. '53, 40-2-34, which alleged that on December 21, 1962, he "feloniously, unlawfully, wilfully and maliciously made an assault upon THOMAS M. O'TOOLE with a deadly weapon * * *, namely, a knife * * *." Following trial and conviction, Watts was sentenced to a term of not more than five years in the State Reformatory and, thereafter on September 24, 1963, he was placed on five years' probation.

The assault in question resulted from an altercation during which O'Toole was stabbed several times by Watts. It occurred at night on a street in Leadville, Colorado, following an argument in a tavern earlier in the evening between the victim and one of the defendant's friends. Although the defendant introduced evidence indicating that his actions were prompted by motives of self-defense, suffice it to say that on conflicting evidence the jury found against him.

As to Watts' contention that it was error to refuse his instruction on self-defense, it also suffices to say that such is without merit, for the record discloses that the court properly instructed thereon.

Watts also contends that it was error not to submit to the jury an instruction on the lesser included offense of simple assault in connection with his trial. As to this issue, in our view under the evidence in this case, the defendant was either guilty of the crime charged or he was not guilty of that particular offense. There is nothing in the evidence warranting the submission to the jury of the question of defendant's guilt upon the lesser included offense, which, under other circumstances might be proper.

The final ground urged for reversal is that the trial court improperly admitted evidence of other crimes assertedly committed by defendant on the evening of the purported assault. These other crimes concerned defendant's drinking beer and being in possession of an illegal knife. As to these, the People confess error.

The record discloses that the defendant had not been charged in the information, with which he was then on trial, with either drinking beer as a minor or of carrying or using the switchblade type knife. The fact is though that he had been drinking and that a knife used by him was a part of the total facts which the jury was entitled to know. Whether these acts, however, under the circumstances, amounted to a violation of other separate statutes was immaterial. The trial court, nevertheless over defendant's objection, instructed the jury as follows on this matter:

"The Statutes of this State provide that it shall be unlawful for any person * * * to * * * use, possess or carry any knife or knives having the appearance of a pocket knife, the blade or blades of which can be opened by the flick of a button, pressure on the handle or other mechanical contrivance."

This was error. And, it was not cured by the trial court, thereafter, attempting to explain its instruction by stating: "The Court is not intimating that the defendant was or was not guilty of a violation of the above Statute."; and that "* * * defendant is on trial on the charge contained in the Information * * * and not for any violation or possible violation of the above quoted Statute."; or by then stating: "You are to attach to this aspect of the evidence only such importance as it may have in your opinion and your best judgment."

The judgment is reversed and the cause is remanded with directions to grant the defendant a new trial.

Mr. Justice McWilliams concurs in the result, Mr. Justice Pringle not participating, and Mr. Justice Schauer dissents.