■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON D. SMITH, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 22, 1974, upon a verdict convicting defendant of two counts of the crime of assault in the second degree. Two police officers testified that on November 1, 1973 at about 10:00 P.M., one of them exhibited his badge to the defendant and said something like, "police, we just want to talk to you". The defendant testified that he heard someone shout a racial slur at him and was thereupon attacked by two men, neither of whom identified himself as a police officer. In any event, it was well established that a fight ensued during the course of which the defendant caused the police officers to sustain various abrasions and lacerations,

including a deep bite on one of the officer's wrists. During the course of this fight, the defendant somehow became possessed of one of the policemen's revolvers, which he fired twice, causing injury to a bystander. On November 29, 1973 the Albany County Grand Jury handed up an indictment, five counts of which related to defendant's use and possession of the revolver, and two counts of which charged him with having caused physical injury to the officers while intending to prevent them from performing a lawful duty, in violation of subdivision 3 of section 120.05 of the Penal Law. The defendant was convicted on these final two counts but was acquitted on all the others. The defendant raises numerous errors which, although not properly preserved for review, would seriously indicate that a new trial might be required in the interests of justice. Such an act of discretion is unnecessary, however, in light of the following errors which were preserved for review and require a reversal and a new trial. At the beginning of the trial and apparently on the morning of July 8, 1974, prior to the commencement of the *voir dire* for the selection of the jurors, the defendant requested the court to compel the District Attorney to furnish him with copies of any statement or information which would be exculpatory in nature. The court at that time responded that it had previously been advised by the People that they had no exculpatory material in their possession, but that they were to make the same available if they had any. Subsequently, the District Attorney did turn over to the trial court a statement by an eyewitness named Dustin La Plante which was in turn given by the court to the defense on the afternoon of July 10, 1974. On July 11, 1974 defendant moved for a dismissal of the indictment upon the ground that La Plante was not then available for subpoena to appear at the trial and that the late disclosure of La Plante's statement was in fact a denial of his right to a fair trial. The motion sought a dismissal of the indictment but it noted therein that the prejudice was so severe from the delay in revealing the statement that the trial should not continue. At the end of the trial testimony on the day of July 11, 1974 the trial court considered this motion for dismissal. The trial court stated that it found nothing in the La Plante statement that was exculpatory and, accordingly, denied the motion. One of the critical issues in the instant prosecution for assault in the second degree was whether or not the defendant was aware of the fact that the men whom he was resisting were police officers. The officers were not in uniform, and while they testified that they had identified themselves by the showing of a badge and stating they were policemen, the defendant had denied this. In this regard, the statement by the eyewitness, La Plante, recites that at one point near the end of the scuffling, the defendant was shouting "Get the Cops". It is apparent that such evidence would tend to support the defendant's theory that he had no knowledge that his attackers were police officers, and it was most certainly exculpatory. In the case of *Brady v Maryland* (373 US 83) the Supreme Court held that suppression of evidence is a violation of due process where such evidence is material to the issue of guilt. The evidence of the defendant's request that someone get the police is material as to his intent, and the delay in furnishing this evidence to the defense was inexcusable. Under the circumstances, the trial court should have continued the proceedings so that the defense might have further opportunity to produce La Plante as a witness. The failure to grant this continuance was effectively a denial of due process, and this constitutional error cannot reasonably be designated as harmless *(People v Crimmins,* 36 NY2d 230). Following the court's charge to the jury, the jurors returned on three occasions for further instructions and a rehearing of certain testimony. On the last occasion the

jury expressly requested an interpretation of the two charges of assault in the second degree, upon which they eventually returned a guilty verdict. Among other things, the court stated that there had to be an "intent to prevent a police officer from performing a lawful duty". At that time, the jurors asked if these counts could be related to the original arresting officer's charge of resisting arrest, and the court replied that if that was in evidence the jury could rely thereon. When the jurors left the court room, the defendant submitted to the court that there was no evidence indicating that at the time in question the officers had been performing a lawful duty. The record undeniably contains evidence in regard to the conduct of the defendant prior to the altercation with the police officers which could support a jury finding that the officers' attempt to talk to the defendant was a lawful duty. However, the court's charge contains no statement of law whereby the jury could have determined whether the police officers were or were not performing a lawful duty when they initially attempted to restrain the defendant, and the defendant's observation in response to the trial court's last instruction to the jury on these counts can reasonably be construed as an objection to the charge as given. In this particular case the court violated CPL 300.10 (subd 2) by failing to state the material legal principles applicable to these particular counts of the indictment and by failing to explain how the facts could, under the law, constitute an attempt by the police officers to carry out a lawful duty. Upon the present record, it cannot be said that the defendant did not reasonably request the court to charge as to the facts in the case which would establish that the police officers had been attempting to perform a lawful duty, and the error was obviously prejudicial in view of the jury's attempt to relate the incident to one of resisting arrest. It should be observed that this is not a case where the defendant's guilt is overwhelmingly established, although there is proof which, if accepted by a jury after being properly charged, could sustain a guilty verdict (cf. *People v Crimmins, supra*). Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Greenblott, Main and Reynolds, JJ., concur, Koreman, J., dissents and votes to affirm in the following memorandum. Koreman, J. (dissenting). I would affirm the judgment of conviction. In my view, La Plante's statement, read in its entirety, is not exculpatory. Prior to the sentence referred to by the majority the statement recites: "I stood there watching them still wrestling and heard one of the officers repeatedly tell the colored male 'Settle down and you'll be alright'." Indeed, the entire sentence to which the majority refers reads: "The colored male was then shouting 'Get the Cops' and the officers were telling him 'We are the Cops'." Accordingly, the denial of the motion to dismiss the indictment was proper. I do not interpret the defendant's observation in response to the trial court's last instruction to the jury concerning the sixth and seventh counts of the indictment as an objection to the charge as given. The failure to object precludes review of that question on appeal. It cannot be said that any constitutional error was committed. The defendant was not deprived of a fair trial *(People v Crimmins,* 36 NY2d 230). Accordingly, the judgment should be affirmed.