■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA A. MAY, Appellant.—Appeal from a judgment of the County Court of Schuyler County, rendered January 10, 1976, upon a verdict convicting defendant of the crime of reckless endangerment in the second degree. Except for the existence of a decree dissolving the marriage between this defendant and the complainant, her former husband, all proceedings in this matter would probably have been relegated to and resolved by the Family Court of Schuyler County *(People v Williams,* 24 NY2d 274, 284; Family Ct Act, §§ 812, 813). This record illustrates many of the problems that survive the termination of a marriage and, in fact, the incident that culminated in the arrest of the defendant (some three weeks after the event) occurred as she was returning the minor children of the marriage after the exercise of visitation rights. Without describing the details of the altercation in depth, it should be noted that the defendant was indicted for attempted assault in the second degree and reckless endangerment in the second degree. She was acquitted of the former charge, but convicted of the latter. In other words, the jury found a lack of any *intent* on defendant's part to cause harm, but did agree that her conduct was *reckless* in nature (Penal Law, §§ 110.00, 120.20). In its charge to the jury, the court employed subdivision 3 of section 15.05 of the Penal Law in defining "Recklessly" including the statement that one must consciously disregard a substantial and "unjustifiable" risk. The court did not define or charge the defense of justification (Penal Law, § 35.15). True, there was no request to so charge, nor were there any exceptions taken to the charge as given. However, from the testimony in the record, particularly the version of the confrontation as described by the defendant, simple justice cried out for instructions to the jury on this defense. Our view is reinforced by the nature of the questions asked by the jury when they returned for further instructions on the charge of reckless endangerment. These factors, coupled with the failure of the court to marshal the facts or comment on the evidence, cause us to question the adequacy of the charge and doubt whether the jury possessed a complete understanding of the issues presented for its determination *(People v Clayborn,* 50 AD2d 952; *People v Smith,* 50 AD2d 670). Additionally, when it is observed that marital overtones involving property disputes between the principals crept into the record and that the children of the marriage chose up sides as witnesses for one parent against the other in an apparent setting of revenge, this conviction should not be allowed to stand and a new trial is directed in the interest of justice *(People v Robinson,* 36 NY2d 224; *People v Steele,* 26 NY2d 526; *People v Benjamin,* 47 AD2d 861; CPL 470.15, subd 6, par [a]). Judgment reversed, as a matter of discretion in the interest of justice, and a new trial directed. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.