■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BRUNO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 15, 1979 and February 26, 1979, convicting defendant of robbery in the second degree, assault in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a

matter of discretion in the interest of justice, and case remitted to Criminal Term for further proceedings consistent herewith. The People's case depended in its entirety upon the identification of defendant by the complainant, which was based upon brief observations of the perpetrator, most of which were made while the complainant rode in the back seat of the perpetrator's taxicab. Since the crime occurred during predawn hours, these observations, save one brief instance within a grocery, occurred under less than optimal conditions. Since the identification testimony was not particularly strong and defendant produced both documentary and testimonial evidence in support of a plausible alibi defense, we conclude that the combination of errors which occurred at trial requires reversal of defendant's conviction, even though not all the errors were the subject of objection. Most notable was the court's failure to instruct the jury in any manner concerning either the defense of alibi or the standards by which identification testimony should be evaluated. Since these issues were basic in this closely contested case, the jury should have received judicial guidance concerning the manner in which to resolve them. (See *People v Gardner,* 59 AD2d 913; *People v May,* 55 AD2d 739.) The trial court's denial of defendant's request to instruct the jury concerning the basic principle that should it disbelieve any material part of a witness' testimony, it might, in its discretion, reject the entire testimony, was a further deficiency of the charge. (See *People v Perry,* 277 NY 460, 467-468.) The court also erred in refusing to allow defendant to counter the complainant's denial thereof with extrinsic evidence of his interest in a successful prosecution of defendant arising out of his having taken some action in contemplation of the commencement of a civil lawsuit against defendant based upon the same conduct for which defendant was being prosecuted. Evidence of such an interest is probative of a motive to lie and is not collateral. (See *People v McIntyre,* 71 AD2d 956, 959-960; Fisch, New York Evidence [2d ed], §§ 467, 469.) Finally, we note the disturbing failure of the prosecution to produce at the *Wade* hearing the officer who showed the complainant an array of numerous photographs from which the complainant was unable to identify the perpetrator. Since defendant apparently was the sole suspect in the case and the array was shown to the complainant some two weeks after both the complainant and the police discovered defendant's identity, it is difficult to accept that defendant's photograph was not included in the array. However, since the officer was not called, the record is silent as to whether defendant's photograph was in fact included therein. Accordingly, we direct that, before the new trial, the *Wade* hearing be reopened for the production by the People of the officer who showed the photographic array to defendant or, if that officer is unavailable, some other person who has knowledge of the contents of the array. If the hearing court finds that defendant's photograph was included in the array, it shall re-evaluate its conclusion that the People sufficiently established that the in-court identification of defendant was based upon the complainant's observations of the perpetrator independent of and untainted by the two-picture "photographic show-up" of defendant which occurred after the complainant was unable to identify the perpetrator from the larger photographic array. Failure to identify the defendant on an occasion prior to the allegedly suggestive identification procedure is one factor that must be weighed before reaching such a conclusion. (See *United States v Wade,* 388 US 218, 241; *People v Ballott,* 20 NY2d 600, 606.) In so holding we note that the People had not failed to meet their burden of proof at the original hearing, but may have omitted evidence relevant to its disposition; therefore the prohibition against rehearings under the former

circumstances as set forth in *People v Havelka* (45 NY2d 636) is inapplicable to the case at bar. We have examined defendant's remaining contentions and find them to be without merit, including his contention that his guilt was not proved beyond a reasonable doubt. Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.