The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Franklin Lewis ROBERTS,
Defendant-Appellant.

No. 79CA0394.

Colorado Court of Appeals,
Div. III.

Dec. 26, 1980.

Rehearing Denied Feb. 13, 1981.

Certiorari Denied April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Howard S. Bittman, Boulder, for defendant-appellant.

KIRSHBAUM, Judge.

Claiming error in the trial court's instructions, defendant, Franklin Lewis Roberts, appeals his jury conviction of second and third degree assault of two police officers. We affirm.

The record reveals the following facts. Defendant appeared at the door of his ex-wife's house at approximately 12:30 a. m. on November 27, 1977. He rang the doorbell and, receiving no response, continued to ring the bell and to pound on the door. His ex-wife called the police and several officers responded to the complaint. Defendant attempted to enter the house, and a scuffle ensued. Two of the officers were injured before defendant was subdued.

Defendant was charged with two counts of second degree assault pursuant to § 18–3–203(1)(c), C.R.S. 1973 (1978 Repl. Vol. 8), which states that a person commits the crime of assault in the second degree if:

> "With intent to prevent one whom he knows, or should know, to be a peace officer or fireman from performing a lawful duty, he intentionally causes bodily injury to any person . . . ."

Defendant pled not guilty to the charges and was convicted by a jury verdict of one count of second degree assault and one count of third degree assault, a lesser-included offense of second degree assault. *See* § 18–3–204, C.R.S. 1973 (1978 Repl. Vol. 8).

A series of four instructions given by the trial court informed the jury of the elements of first degree criminal trespass, attempt to commit first degree criminal trespass, and obstructing a police officer. Defendant argues that because he was not charged with any of these crimes, the instructions were impermissible. We disagree.

 It is error for the trial court to instruct the jury regarding an unrelated crime with which defendant has not been charged. *Watts v. People*, 159 Colo. 347, 411 P.2d 335 (1966). However, one of the elements of the crime charged here was intent to prevent a police officer from performing a lawful duty. Thus, as part of its case, the prosecution was required to prove that the officers were acting lawfully when they initially attempted to restrain defendant. This is analogous to a situation where defendant is charged with a specific intent crime, *e. g.*, burglary, and the prosecution has the burden of proving defendant's intent to commit the underlying offense, *e. g.*, theft. In such circumstances the court is obligated to instruct the jury on the elements of the underlying offense. *See People v. Archuleta*, 180 Colo. 156, 503 P.2d 346 (1972).

Here, the trial court was required to instruct the jury regarding the lawful nature of the police activity. *See People v. Smith*, 50 App.Div.2d 670, 375 N.Y.S.2d 194 (1975); *People v. Henderson*, 58 Cal.App.3d 349, 129 Cal.Rptr. 844 (1976). The instructions thus relate to the circumstances of this particular case, and were appropriate.

Relying upon *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959), defendant also argues that in any event a limiting instruction was required in this case.

*Stull* does establish a method to reduce the prejudicial effect of the introduction of evidence of other criminal conduct during a criminal trial. In this case we conclude that the instructions as a whole were neither misleading nor prejudicial.

Immediately prior to and following the instructions to which defendant objects, the court gave the following instructions:

"A peace officer may arrest a person when any crime has been or is being committed by such person in his presence. All necessary and reasonable force may be used in making an arrest."

"A peace officer may lawfully temporarily detain any individual for field investigation where the following conditions are met:

1) The officer must have a reasonable suspicion that the individual is committing, has committed, or is about to commit a crime. The officer need not have sufficient evidence to justify an arrest.

2) The purpose of the detention must be reasonable.

3) The character of the detention must be reasonable when considered in light of the purpose."

 These instructions clarify the purpose for giving the challenged instructions. While a further instruction distinguishing the content of the challenged instructions from the offense charged might well have been warranted, defendant did not request such additional instruction, and we do not view the absence of such instruction to constitute plain error. *See People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977).

Judgment affirmed.

KELLY and STERNBERG, JJ., concur.