■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON SMITH, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered February 19, 1982, convicting him of robbery in the first degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ Defendant was indicted for the robbery of a taxicab driver at knifepoint, which he allegedly committed along with another individual who entered a plea of guilty to the indictment. We affirm the defendant's conviction despite the fact that the Trial Judge failed to provide the jury with detailed instructions to assist them in evaluating the accuracy of the sole complaining witness' identification of defendant as one of the perpetrators of the crime. This issue is preserved for

appellate review as a matter of law, as defense counsel requested further instructions on the identification issue at the close of the court's charge and moved for a mistrial on account of the failure of the Trial Judge to deliver satisfactory supplementary instructions on identification (CPL 470.05, subd 2). In *People v Whalen* (59 NY2d 273, 279), the Court of Appeals concluded that a detailed charge on the identification issue, albeit desirable, is not required as a matter of law, even where the prosecution's case is based entirely upon the identification of defendant by a single complaining witness and the defendant presents an alibi defense. The Court of Appeals stated that "[a] Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (*People v Whalen, supra,* p 279). ¶ In this case, the Trial Judge delivered extensive instructions emphasizing the presumption of innocence, the prosecution's burden to prove every element of the crimes charged beyond a reasonable doubt and the general factors relevant to an evaluation of the credibility of witnesses. In response to the request by defense counsel for further instruction on the identification issue, he advised the jury that the accuracy of the complainant's identification was contested by the parties and that it was their responsibility to decide whether that identification was proper or not, based upon the evidence or lack thereof. ¶ We conclude that the instructions delivered by the Trial Judge on the identification issue, although a more detailed charge would have been preferable, did not constitute error under the circumstances of this case. We take note of the fact that, in contrast to the instant case, many of the cases in which this court has held that the Trial Judge committed reversible error by failing to deliver detailed instructions regarding the specific factors relevant to an evaluation of the accuracy of identification testimony involved evidence of a defendant's guilt based exclusively upon eyewitness identification testimony countered by an alibi defense (see, e.g., *People v Knowell,* 94 AD2d 255; *People v Daniels,* 88 AD2d 392; *People v Bruno,* 77 AD2d 922; *People v Gardner,* 59 AD2d 913). In the instant case, despite the fact that the prosecution relied primarily upon the testimony of the complaining witness identifying defendant as one of the perpetrators, there was also strong circumstantial evidence linking defendant to the robbery. Additionally, defendant did not present an alibi defense. Therefore, even if we were to have found the failure of the Trial Judge to deliver a detailed identification charge to be error, we would have held it to be harmless in view of the overwhelming evidence of defendant's guilt (see *People v Crimmins,* 36 NY2d 230). ¶ The summation delivered by the defense counsel discussed, in detail, the flaws in the complainant's identification of defendant and, thus, adequately highlighted the problem of misidentification. Lastly, there are no other errors in the instant case, in contrast to those cases in which this court has concluded that the failure of the Trial Judge to deliver detailed instructions on the identification issue was compounded by other errors in the charge or in the conduct of the trial and related pretrial hearings (see *People v Knowell, supra; People v Daniels, supra; People v Bruno, supra*). ¶ We have considered the other contentions raised by the defendant and find them to be without merit. Mollen, P. J., Gibbons, Bracken and Niehoff, JJ., concur.