■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RICHARDSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Rigler, J.),

rendered February 23, 1983, convicting him of robbery in the second degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the Trial Judge committed error by refusing to give a "particularized jury charge" (*see, People v Daniels*, 88 AD2d 392). His contention is without merit. In *People v Whalen* (59 NY2d 273, 279), the court stated: "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law. No cognizable prejudice accrues to any party." Here, too, as in *People v Smith* (100 AD2d 857, 858), "the Trial Judge delivered extensive instructions emphasizing the presumption of innocence, the prosecution's burden to prove every element of the crimes charged beyond a reasonable doubt and the general factors relevant to an evaluation of the credibility of witnesses". Therefore the charge was adequate.

We note that, as in the *Smith* case, there was present here strong circumstantial evidence linking defendant to the robbery and defense counsel's summation adequately highlighted the problem of misidentification.

Defendant next contends that under the totality of the circumstances, the showup identification was unreliable. The showup occurred on the same block as the scene of the crime, within a half hour after the crime occurred. "[S]uch prompt confirmations insure reliable identifications and aid in the prompt release of innocent suspects" (*People v Holly*, 106 AD2d 403, 404).

We have considered defendant's other contentions and find them to be without merit. Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.