THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.

The defendant was arrested shortly after entering a social club. Prior to his arrest, he had been observed making drug sales at 140 Ellery Street for approximately 3½ hours during an "observation and buy and bust operation". He was seen entering the social club across from 140 Ellery Street by both the officer charged with continuous observation and the undercover officer who had viewed the defendant at close range during a heroin purchase and then from a distance when the undercover officer remained in his car after the purchase. The defendant was out of these two officers' sight only momentarily when he entered the social club after leaving 140 Ellery Street. A third officer who apprehended the defendant testified that of the three people in the social club, the defendant was the only one who fit the description of the person who had been continuously under observation, i.e., a black man wearing a dark jacket with silver stripes and brown cowboy boots. The only other persons in the social club were two Hispanics wearing bright colored shirts. Furthermore, both the observing officer and the undercover officer identified the defendant at the scene as soon as the arresting officer escorted him out of the social club.

While the trial court erred in refusing to give an identification charge, the error was harmless in light of the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230; cf. People v Smith, 100 AD2d 857, 858).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.