■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO FANA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered January 12, 1982, convicting him of robbery in the second degree (two counts) and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that the trial court improperly allowed the People to question him about the prior burglaries to which he pleaded guilty. We disagree. The extent to which the People may use the defendant's prior crimes to impeach his credibility is largely within the discretion of the trial court. A review of the record clearly indicates that the court did not

improvidently exercise its discretion. The defendant's prior burglaries, constituting individual acts of dishonesty, demonstrated his willingness to put his own interest above that of society. Nor was it error, as the defendant contends, to admit evidence of those prior crimes because they were similar to robbery. The defendant should not be shielded from impeachment with evidence of prior convictions because he specializes in one type of criminal activity *(People v Torres,* 110 AD2d 794).

Despite an opportunity to do so, the defendant failed to request that the trial court give limiting instructions with regard to the People's use of his prior crimes, and that it charge the jury to assess both the veracity and the accuracy of the identifying eyewitnesses. Consequently he has not preserved the issues for appellate review. In any event, the charge to the jury was comprehensive, and included instructions on the presumption of innocence, burden of proof, reasonable doubt, and the general factors relevant to an evaluation of the credibility of the witnesses *(see, People v Richardson,* 109 AD2d 853).

We have reviewed the defendant's remaining contention and find it to be without merit. Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.