■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CHRONOPOUL, Also Known as PETER MARIS, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 9, 1990, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court erred in ruling that the People could cross-examine the defendant about his prior conviction for criminal possession of a weapon in the third degree, despite the fact that the defendant was currently charged with the same crime. We find that the court's *Sandoval* ruling was not an improvident exercise of discretion. The fact that a defendant specializes in one type of criminal activity should not shield him from impeachment *(see, People v Fana,* 142 AD2d 684; *People v Pavao,* 59 NY2d 282; *People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882).

The defendant contends that there was insufficient evidence to establish his intent to use the loaded firearm unlawfully against another. However, Penal Law § 265.15 (4) provides that possession of a loaded firearm by a person who is not licensed to carry the firearm in question, is presumptive evidence that the person possessed the weapon with an intent to use it unlawfully against another *(see, People v Wooten,* 149 AD2d 751). In addition, two police officers testified that the defendant pointed the gun at one of the officers. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of criminal possession of a weapon in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.