■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL SYSHAWN, Also Known as SYSHAWN SAMUEL, Appellant. [607 NYS2d 364] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 5, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly admitted testimony by a police officer describing what drug sellers might do with money received from a buyer immediately after a sale, in order to explain why the police do not recover pre-recorded money after every buy operation, is without merit. The officer had sufficient experience in the street narcotics trade to provide the brief but necessary background information to enhance the jury's understanding *(see, People v Stanard,* 32 NY2d 143, 147). In addition, the trial court properly emphasized the purpose for admitting the

testimony by giving an immediate limiting instruction, and a later charge, that the testimony was not to be considered as evidence of what actually took place.

Also without merit is the defendant's contention that the trial court committed reversible error by failing to give an expanded identification charge to the jury. "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" *(People v Whalen,* 59 NY2d 273, 279). Here, the trial court delivered instructions dealing with the identification of the defendant, the factors to be considered in evaluating the witnesses' credibility, the presumption of innocence, and the prosecution's burden of proving every element of the crimes charged beyond a reasonable doubt *(see, People v Richardson,* 109 AD2d 853). Therefore, the charge was adequate.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.