■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JOHNSON, Appellant. [639 NYS2d 802]

In this closely contested "buy and bust" case, it was the defense theory that the arresting officers fabricated their account of a drug sale in order to justify numerous hours of overtime processing the defendant's arrest. The first trial resulted in a hung jury, and this trial resulted in an acquittal on the sale count. In this context, we find that the court's failure to supplement its instruction with the requested *falsus in uno* charge requires reversal of the defendant's conviction (*see, People v Bruno*, 77 AD2d 922; *see also, People v Perry*, 277 NY 460, 467-468).

The *falsus in uno* instruction, though not mandatory, is routinely included in a standard jury charge. The instruction states as follows: "Should you, in the course of your deliberations, conclude that any witness has intentionally testified falsely to a material fact during the trial, you are at liberty to disregard all of his testimony on the principle that one who testifies falsely as to one material fact may also testify falsely to other facts. You are not required, however, in all circumstances, to consider such a witness as totally unworthy of belief. You may accept so much of his testimony you believe to be true and reject only such part you conclude is false" (1 CJI[NY] § 7.06, at 276). The court declined to supplement its charge with this instruction on two grounds: (1) that the request should have been made earlier, and (2) that the supplemental

charge, delivered in isolation, would have unfairly slanted the instructions in favor of the defense. In the circumstances of this case, neither ground supports the decision to deny defense counsel's request.

Counsel's objection and request for a supplemental instruction, made immediately following the court's instructions and before the jury began its deliberations, was not untimely (CPL 470.05 [2]). Prior to charging the jury, the court had not disclosed the substance of its charge to counsel. Given the credibility issues raised during trial, it would not have been irrational for defense counsel to have anticipated that a *falsus in uno* instruction would be included therein. In such a situation, CPL 300.10 (5) explicitly affords an opportunity to submit a request for an undelivered instruction after the charge has been given. As to the court's additional concern that an isolated supplemental instruction would be overly beneficial to the defense, it should also be noted that the court did issue supplemental instructions requested by the prosecution. In this situation, omitting the requested instruction constituted reversible error, requiring that the case be remanded for a new trial (*see, People v Bruno, supra*). Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.