■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STOKELY LOVE, Appellant. [664 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schulman, J.), rendered November 13, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in refusing his request for an expanded identification charge. Although it is better practice for a court to administer an expanded identification charge when there is a close question of identity, the failure to so charge does not constitute reversible error per se (*see, People v Whalen,* 59 NY2d 273, 278-279). Whether the charge is appropriate in an individual case is a matter for the Trial Judge's discretion (*see, People v Knight,* 87 NY2d 873). "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (*People v Whalen, supra,* at 279).

We conclude that inasmuch as the trial court delivered instructions regarding the identification of the defendant, the general factors to be considered in evaluating the witnesses' credibility, and the People's burden of proving identification beyond a reasonable doubt, its charge was proper (*see, People v Knight, supra; People v Whalen, supra; People v Barry,* 215 AD2d 397; *People v Williams,* 215 AD2d 515; *People v Washington,* 209 AD2d 733; *People v Syshawn,* 200 AD2d 778).

There is no merit to the defendant's contention that the trial court improvidently exercised its discretion in placing a time limitation on counsels' summations. While it is true that closing argument is a basic element of the defense in a criminal case, the trial court is given great latitude in controlling the duration and scope of summation (*see, People v Brown,* 136 AD2d 1, 16). Here, the court's limitation, which applied to both the prosecution and the defense, was a sound exercise of its discretion (*see, People v Troy,* 209 AD2d 943, 944).

The defendant's remaining contention is without merit. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.