■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER RIVERA, Appellant. [687 NYS2d 390] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered January 29, 1997, convicting him of burglary in the third degree (two counts), criminal mischief in the third degree (two counts), possession of burglar's tools, petit larceny (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his claim that the Trial Judge erred in failing to give an expanded identification charge to the jury. The defendant's counsel failed to request such a charge and cannot rely on the request of the codefendant to preserve his claim (*see, People v Buster,* 245 AD2d 460; *People v Laboy,* 208 AD2d 954). In any event, contrary to the defendant's contention, the court did not improvidently exercise its discretion in failing to give a more detailed identification charge. A detailed charge on the issue of identification is not required as a matter of law (*see, People v Whalen,* 59 NY2d 273, 279; *People v Martinez,* 186 AD2d 824).

The court's general instruction on weighing the credibility of witnesses and its instruction that identification must be proven beyond a reasonable doubt accurately stated the law (*People v Whalen, supra,* at 279; *People v Love,* 244 AD2d 431).

The defendant's remaining contention is without merit. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.