■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MILLER, Appellant. [700 NYS2d 265] —Spain, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered March 2, 1998, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree, attempted criminal use of a firearm in the second degree, unlawful imprisonment in the first degree and menacing in the second degree (two counts).

On defendant's appeal, we withheld decision and remitted the matter to County Court because of confusion in the record regarding the sentence imposed (262 AD2d 796). Upon remittal, defendant was resentenced in August 1999 to an indeterminate term of 2½ to 5 years of imprisonment on the attempted burglary in the second degree (Penal Law § 140.25 [2]) conviction and to a consecutive indeterminate prison term of 1 to 3 years on the unlawful imprisonment in the first degree (Penal Law § 135.10) conviction. Defendant was also sentenced to concurrent terms of imprisonment of 1½ to 3 years on the attempted use of a firearm in the second degree conviction and one year each on the two misdemeanor menacing convictions, all of which are to be served concurrently to the foregoing sentences for the burglary and unlawful imprisonment convictions. The resulting aggregate sentence will run from 3½ to 8 years and is the sentence to which defendant agreed at the time of the entry of his guilty pleas.

Defendant continues to assert that the new sentence—which includes a consecutive sentence on the unlawful imprisonment and attempted burglary convictions—is improper under the reasoning in *People v Laureano* (87 NY2d 640). Upon our review, we conclude that the consecutive terms of imprisonment imposed on the convictions for unlawful imprisonment and attempted burglary were permissible under the factual circumstances of this case. As stated in our earlier decision on this appeal, defendant's conduct in unlawfully restraining his male victim was a separate act from the attempted burglary

and, as such, provided a basis for the imposition of a consecutive sentence (*see, id.*, at 643; *People v Beverly*, 220 AD2d 881, 884, *lv denied* 87 NY2d 898; *People v Brown*, 216 AD2d 670, 674, *lv denied* 86 NY2d 791).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.