Judgment, Supreme Court, New York County (Charles Tejada, J., at suppression hearing; Bruce Allen, J., at jury trial and sentencing), rendered March 1, 2010, convicting defendant of murder in the second degree and robbery in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The court properly denied defendant’s suppression motion. The hearing evidence establishes that defendant’s confessions were voluntary (see Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]). There is no basis for disturbing the court’s credibility determinations, which are supported by the record. The fact that the court may have labeled both prosecution and defense witnesses as generally “credible,” even though they gave testimony that conflicted on material issues, did not render the court’s findings contradictory or unworthy of deference. In making its findings, the *411 court was entitled to selectively accept or reject portions of each witness’s testimony. In particular, the court found that defendant never invoked his right to counsel, either personally or through his brother, and that the police did not make any improper use of defendant’s brother as an agent to induce defendant to make a statement.
The court properly admitted a surveillance videotape that was adequately authenticated by the testimony of a detective who, while working a second job for a security company, hooked up the surveillance cameras to the video recorder and checked on a daily basis that the system was functioning properly (see People v Patterson, 93 NY2d 80, 84-85 [1999]). The detective’s testimony, when viewed in the light of common sense, supports the conclusion that the videotape accurately and completely depicted the events at issue. The detective testified to the unaltered condition of the tape, and any gaps in the chain of custody went to the weight to be accorded the evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v McGee, 49 NY2d 48, 59-60 [1979], cert denied sub nom. Waters v New York, 446 US 942 [1980]).
We perceive no basis for reducing the sentence. Concur— Friedman, J.E, Moskowitz, Richter, Manzanet-Daniels and Gische, JJ.