Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered July 8, 2015, convicting him of attempted assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that a YouTube video that was admitted into evidence was not properly authenticated is only partially preserved for appellate review (see CPL 470.05 [2]). In any event, the contention is without merit. “[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it,” and “[t]he foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted” (People v McGee, 49 NY2d 48, 59 [1979]; see People v Price, 29 NY3d 472, 476 [2017]). Here, the YouTube video was properly-authenticated by a YouTube certification, which indicated when the video was posted online, by a police officer who viewed the video at or about the time that it was posted online, and by the defendant’s own admissions about the video made in a phone call while he was housed at Rikers Island Detention Center (see Zegarelli v Hughes, 3 NY3d 64, 69 [2004]; People v Hill, 110 AD3d 410 [2013]; People v Clevenstine, 68 AD3d 1448 [2009]). The video was further authenticated by its appearance, contents, substance, internal patterns, and other distinctive characteristics (see Fed Rules Evid rule 901 [b] [4]). The quantum of authenticating evidence is greater here than what the Court of Appeals found to be inadequate in People v Price (29 NY3d at 472).
 

 Contrary to the defendant’s contention, the Supreme Court properly admitted the YouTube video, which showed the defendant making gang signs and taunting and threatening a rival gang member, as it was probative of motive, and the probative value of the evidence outweighed the risk of prejudice to the defendant (see People v Molineux, 168 NY 264, 293 [1901]; People v Bailey, 148 AD3d 547 [2017], Iv granted 29 NY3d 1075 [2017]; People v Giuca, 58 AD3d 750 [2009]; People v Washington, 28 AD3d 335 [2006]; People v Elder, 12 AD3d 379 [2004]; People v Edwards, 295 AD2d 270 [2002]). Moreover, the court’s limiting instruction to the jury served to alleviate any prejudice resulting from the admission of the evidence (see People v Beer, 146 AD3d 895 [2017]; People v Holden, 82 AD3d 1007 [2011]).
 

 The Supreme Court properly permitted a police officer to testify that, in her opinion, the defendant was the person depicted in a surveillance video. The officer testified, inter alia, that she knew the defendant from her patrols of the neighborhood and from interacting with him on several occasions. Thus, under the circumstances of this case, her testimony served to aid the jury in making an independent evaluation of the videotape evidence (see People v Russell, 79 NY2d 1024 [1992]; People v Walker, 78 AD3d 1082, 1084 [2010]; People v Ruiz, 7 AD3d 737, 738 [2004]). Moreover, the defendant’s contention that the court erred in failing to give a limiting instruction during the officer’s testimony or during the charge to the jury is unpreserved for appellate review (see CPL 470.05 [2]), as he failed to request such an instruction. In any event, the contention is without merit. The court’s charge to the jury was comprehensive and included instructions on the presumption of innocence, the prosecutor’s burden of proving every element of the crimes charged beyond a reasonable doubt, and the factors relevant to an evaluation of the credibility of the witnesses (see People v McDonald, 287 AD2d 655 [2001]; People v Rivera, 259 AD2d 637 [1999]; People v Love, 244 AD2d 431 [1997]; People v Syshawn, 200 AD2d 778 [1994]; People v Fana, 142 AD2d 684 [1988]; People v Richardson, 109 AD2d 853 [1985]).
 

 Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.