People v Franzese (2020 NY Slip Op 07393)





People v Franzese


2020 NY Slip Op 07393


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-02138
 (Ind. No. 1485/16)

[*1]The People of the State of New York, respondent,
v
Michael Franzese, appellant.


Randall D. Ungar, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered January 26, 2018, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with assault in the second degree with respect to an incident that took place on November 30, 2015, in Queens. The People's evidence at trial included, among other things, video surveillance footage recovered from a store near the scene depicting the assailant slashing the victim's back. The victim, in effect, refused to testify at trial. The defendant was convicted, upon a jury verdict, of assault in the second degree. He appeals.
The defendant's contention that the video surveillance footage depicting the incident was not properly authenticated is without merit (see People v Grant, 170 AD3d 888, 890; People v Martinez, 164 AD3d 1260, 1262-1263).
The defendant's contention that the Supreme Court should have imposed a sanction based on the People's failure to preserve an audio recording of a call made to the 911 emergency number in connection with this case is without merit, as there was no showing of bad faith or lack of due diligence on the part of the People or prejudice to the defendant, and a Sprint report of the call was supplied (see People v Wallace, 293 AD2d 556, 557; People v Green, 244 AD2d 423, 423; see also People v Brown, 92 AD3d 455, 456).
The defendant's contention that the Supreme Court improvidently exercised its discretion in permitting non-eyewitnesses to identify him as the assailant depicted in the surveillance video, without evidence that the defendant had altered his appearance, is unpreserved for appellate review (see CPL 470.05[2]). In any event, his contention lacks merit since, under the circumstances, there was some basis for concluding that the detectives, who knew the defendant from their patrols of the neighborhood where the incident took place, were more likely than the jury to correctly determine whether he was depicted in the video (see People v Franzese, 154 AD3d 706, 707; People v Daniels, 140 AD3d 1083, 1084). The defendant's further contention, in effect, that the court erred [*2]in failing to give a limiting instruction that the testimony was admitted to aid the jury in making an independent assessment about whether he was depicted in the video is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit (see People v Franzese, 154 AD3d at 707).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court