The People of the State of New York, Appellant, *v.* Pasquale Colantone, Respondent.

**Crimes — murder in second degree — trial — evidence — testimony of good character matter of substance which must be considered by jury — erroneous exclusion of testimony of instructor and attendants at school defendant attended, and of army and post comrades as to his reputation — rule confining testimony to reputation in community where defendant resided too narrow.**

1. Evidence of good character is a matter of substance, not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing.

2. Upon trial of an indictment, charging defendant with the crime of murder, the exclusion of testimony of an instructor and attendants at a school which defendant had attended up to the time of the killing, of a member of the company of which defendant was a member in the army, during the late war, and of a member of a post of veterans of which defendant was a member, who were called to testify as to defendant's reputation amongst the attendants at the school, and amongst his comrades in the army and his post, constitutes reversible error. Where defendant has lived in a large city, the rule that evi-

dence as to his reputation for good character is confined to what the witnesses know of that reputation in the community where he resides, is too narrow, and testimony of those with whom he came in daily contact and with whom he had associated for years should be received. The worth and weight of evidence of good character are measured by the opportunity for obtaining a reputation, whether it be at home or abroad. The determining factor is whether the community in which the defendant has lived his life is sufficiently large for the persons to become acquainted with his character and to form a general opinion of it. (*People* v. *Van Gaasbeck*, 189 N. Y. 408, 418, distinguished; *Thomas* v. *People*, 67 N. Y. 218, followed.)

*People* v. *Colantone*, 214 App. Div. 822, affirmed.

(Argued May 28, 1926; decided June 8, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 9, 1925, which reversed a judgment of the Richmond County Court rendered upon a verdict convicting the defendant of the crime of murder in the second degree and granted a new trial.

*Albert C. Fach, District Attorney (Lester L. Callan* of counsel), for appellant. The trial court committed no error in excluding the evidence offered by the defendant as character evidence. (*People* v. *Van Gaasbeck*, 189 N. Y. 408; *State* v. *Brady*, 71 N. J. L. 360; *People* v. *Murphy*, 80 Pac. Rep. 709; *State* v. *Frederickson*, 106 Pac. Rep. 1061; *State* v. *Kirby*, 63 Pac. Rep. 752; *Younger* v. *State*, 114 N. W. Rep. 170; *Williams* v. *United States*, 168 U. S. 382; *Sacrine* v. *United States*, 38 App. Cas. D. C. 371; *Lomax* v. *United States*, 37 App. Cas. D. C. 414; *People* v. *Thurman*, 2 Ohio C. D. 466.)

*Arthur H. Cameron* and *Henry Klauber* for respondent. The trial court erred in excluding the evidence offered as to the good character of the respondent. (*People* v. *Van Gaasbeck*, 189 N. Y. 408; *People* v. *Buccufurri*, 158 App. Div. 186; *Thomas* v. *People*, 67 N. Y. 218.)

CRANE, J.  On October 5, 1923, in the County Court of Richmond county, defendant was convicted of murder in the second degree.  On appeal the Appellate Division affirmed the facts and reversed upon a question of law only, two of the justices dissenting.  The People come here insisting that the Appellate Division was wrong in its law, and that we should reinstate the judgment of conviction.  The point of law relates to evidence of the defendant's reputation which was excluded.

This court has frequently stated that evidence of good character is a matter of substance; not of form, in criminal cases, and must be considered by the jury as bearing upon the issue of guilt, even when the evidence against the defendant may be very convincing.  What weight shall be given to it is a question for the jury.  (*Cancemi* v. *People,* 16 N. Y. 501; *Remsen* v. *People,* 43 N. Y. 6; *People* v. *Conrow,* 200 N. Y. 356.)

That the defendant in this case was guilty of either murder or manslaughter seems to have been proved beyond a reasonable doubt.  After a quarrel upon the street in the early hours of the morning over a cigarette the defendant rushed to his house, got a pistol, came back, shot and killed one August Santora.  There was evidence from which the jury might have found premeditation and deliberation and an intent to kill, or if they believed the defendant, the intent to kill as an element of crime would have been lacking.  The defendant claims to have been struck by Santora and chased into his house. He came out again on invitation to fight.  The pistol which he took, he did not know to be loaded, and did not intend to kill.  However incredible his story may be, the elements which go to make up murder or manslaughter were for the determination of the jury.

The defendant is an Italian about twenty-nine years of age, and at the time of the trial had been in this country about thirteen years.  He enlisted and served in the late war with the Ninth Infantry and was wounded at Chateau

Thierry, and later in the Argonne Forest. He was made a citizen while in the army. On account of his wounds he took up vocational training at a school located at Twenty-third street and Lexington avenue, New York city, and was there until this shooting took place. The defendant was a married man with two children.

After this evidence had been introduced, together with the defendant's story of the shooting, an instructor and attendants at the vocational school were called. They knew the defendant and his associates of fifty or more at the school, and his reputation among these people. They had heard it discussed. A member of Company " L " of the Ninth Infantry, who had served with the defendant in the army, was also called. He knew the defendant's reputation in the army and among his associates here and across the water. A member of the defendant's post, a post for disabled men, consisting of 250 men, was also called to state what he knew of the defendant's reputation among these associates. All this testimony was excluded on the ground that the witnesses did not know the defendant's reputation in the community where he resided. For this reason the Appellate Division reversed the judgment and granted a new trial. The district attorney claims with some support in the authorities that the rule applied by the trial judge was right, and that reputation of a defendant's good character is confined to what the witnesses know of that reputation in the community where he resides. We think that rule too narrow as applicable to this case. Such is the general rule and was so stated by Judge BARTLETT in the opinion of this court in *People v. Van Gaasbeck* (189 N. Y. 408, 418). " While the reputation which is receivable in evidence on the question of character must be confined to the place of residence of the person whose character is under consideration, or the neighborhood of such residence, and the time when such reputation existed must not be too remote, we think," etc.

The question was not squarely before the court in that case, as to whether reputation in any other place than the place of residence could be given under proper circumstances. The question apparently had come up in *Thomas* v. *People* (67 N. Y. 218), where the reputation of a prisoner in the State's prison and among its inmates was held to be competent proof. Judge Earl spoke of the prison and its prisoners as a large community where a man can have a general character as well as elsewhere. It may be that the penal institution was considered the prisoner's residence.

The district attorney also finds support in his quotations from 16 Corpus Juris, 582, and Underhill's Criminal Evidence (3d ed. sec. 140); also *People* v. *Murphy* (80 Pac. Rep. 709); *Williams* v. *United States* (168 U. S. 382). He refers to statements in 2 Greenleaf (16th ed. sec. 461-d) and *Sacrini* v. *United States* (38 App. Cas., District of Columbia, 371). These authorities must all be considered in the light of the circumstances of each case. In most of them there was no occasion for departing from the general rule. But we must always keep before us the reason of our rules of evidence so as to give them practical application as was done in *Thomas* v. *People* (*supra*). In large municipalities like the city of New York where people now very largely dwell in tenements and apartment houses, a man may be entirely unknown in the community where he resides. It is not infrequent for a man to live in one building for years without knowing his neighbors, or anything about them. The only place where he can make a reputation, good or bad, is among his associates in his particular activities or in the personal contacts of his life where he actually lives it. In this case the defendant had spent the active part of his life in the army, in his vocational school, among his friends and acquaintances in his army post. Here were the only persons, apparently, who knew anything about him or his reputation for orderly conduct. He did not attempt

1926.] Opinion, per CRANE, J. [243 N. Y. 134]

to call those with whom he had worked to testify as to their personal knowledge of him and of his traits in violation of the rule laid down in the *Van Gaasbeck* case. He did seek to establish his reputation for peacefulness and quietness among those with whom he came in daily contact and with whom he had associated for years. This was by no means such a limited or narrow class as to have no bearing upon the point, or make his reputation with them of no value.

We think that the Appellate Division was right in ruling that to confine the evidence of the defendant's reputation in this case merely to the place where he resided was too limited an application of the rule of good character evidence, and that the testimony offered should have been received. The value of the evidence of good character is not always dependent upon the place of residence; its worth and weight are measured by the opportunity for obtaining a reputation, whether it be at home or abroad. The determining factor is whether the community in which the defendant has lived his life is sufficiently large for the persons to become acquainted with his character and to form a general opinion of it. This we call general reputation. The cases are quite right which exclude evidence of reputation among such a small class of persons or business associates, as to make it not a general reputation, but rather the evidence of individual and independent dealings. Even such evidence we exclude simply through necessity as stated in the *Van Gaasbeck* case.

The order of the Appellate Division should, therefore, be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Order affirmed.