■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ROSARIO, Appellant. [748 NYS2d 153] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered March 24, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years and 5 to 15 years, respectively, and order, same court and Justice, entered on or about March 2, 2000, which denied defendant's motion to vacate the judgment, unanimously affirmed.

After laying the correct foundation, the People properly elicited testimony that defendant, who testified at trial, and a witness called by defendant had bad reputations for truth and veracity among members of their community (see People v Pavao, 59 NY2d 282, 288-291). The reputation witness was fully qualified to offer such testimony because he worked in the

community where the incident took place, and dealt with members of that community on a daily basis. Defendant's remaining arguments relating to the reputation testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The court properly exercised its discretion in admitting limited background testimony about drug trafficking, because such testimony was relevant, under the circumstances of the case, to prove motive and to disprove defendant's justification defense, and because it tended to refute a specific claim made by defendant in his testimony concerning his lack of a motive to kill the deceased (*see People v Melendez*, 55 NY2d 445).

The People's rebuttal testimony that, after the shooting, defendant calmly and deliberately placed his gun in his safe was properly admitted to contradict defendant's testimony that he immediately discarded the gun. This evidence was not collateral since it tended to contradict defendant's claim that he acted out of terror and in self-defense when he shot the victim (*see People v Wise*, 46 NY2d 321, 328).

The court properly exercised its discretion in precluding defendant from calling a surrebuttal witness. The proposed testimony consisted primarily of hearsay and was otherwise remote and speculative. Accordingly, the court's ruling did not undermine defendant's ability to present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679). Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.