(May 20, 2004)

▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERSIO MARTE, Appellant. [777 NYS2d 448]—

Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered January 16, 1997, convicting defendant, after a jury trial, of murder in the second degree (two counts), criminal use of a firearm in the first degree, robbery in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's accomplice liability could be reasonably inferred from a chain of events occurring before, during and after the crime (*see People v Cabey*, 85 NY2d 417 [1995]). In particular, at the time of the crime, "[d]efendant's conduct, and that of the others, made little sense unless defendant was a participant and not a spectator" (*People v Quero*, 306 AD2d 35, 35 [2003], *lv denied* 100 NY2d 623 [2003]). Defendant did not react to the shooting of his supposed friend by trying to help him, but by immediately assisting another person in shoving the victim's body underneath a park bench and then walking away from the scene closely behind the gunman, who had stolen the victim's shoulder bag. In addition, there was evidence establishing, among other things, defendant's possible motive and his subsequent possession of the victim's wallet and other items.

The challenged rulings concerning defense offers of proof were proper exercises of discretion that did not adversely affect defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]). The court properly ruled that if defendant, in an effort to show his good relationship with the victim, introduced evidence that he had posted bail for the victim in the past, this would open the door to evidence warranting the inference that defendant did so, not simply out of friendship, but because the victim was his partner in drug trafficking, hardly the type of relationship that would rule out any enmity between them (*see People v DeLucia*, 302 AD2d 280 [2003], *lv denied* 100 NY2d 561 [2003]; *People v Rosario*, 298 AD2d 244 [2002]). The court properly precluded the defense from eliciting testimony about the circumstances under which

the victim had been fired from his job as a building superinten-
dent, since counsel offered nothing but speculation that un-
named persons might have wanted to kill the victim because he
had cheated them out of some money (*see People v Stern*, 226
AD2d 238, 240 [1996], *lv denied* 88 NY2d 969 [1996]; *People v
Coleman*, 186 AD2d 509 [1992], *lv denied* 81 NY2d 787 [1993]).

The court properly exercised its discretion in receiving
testimony that defendant possessed a 9 millimeter pistol 1¹/₂
months prior to the crime, since this evidence was relevant to
establishing defendant's involvement in the murder, on the the-
ory that he supplied the weapon used by the actual assailant,
which was also apparently a 9 millimeter pistol (*see People v Del
Vermo*, 192 NY 470, 478-482 [1908]; *People v Bonnemere*, 308
AD2d 418 [2003], *lv denied* 1 NY3d 568 [2003]; *People v Jimenez*,
267 AD2d 60 [1999], *lv denied* 94 NY2d 921 [2000]). The People
were not required to establish that there was anything unusual
about a 9 millimeter pistol, and the probative value of this evi-
dence outweighed any prejudicial effect.

Defendant's lineup identification was not obtained in viola-
tion of his right to counsel (*see Kirby v Illinois*, 406 US 682,
688-689 [1972]; *People v Wilson*, 89 NY2d 754, 758 [1997]; *cf.
People v Grant*, 91 NY2d 989, 991 [1998]; *People v Robles*, 72
NY2d 689, 699 [1988]). Concur—Buckley, P.J., Andrias, Saxe,
Lerner and Friedman, JJ.