■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BAILEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDELL PERKINS, Appellant. [789 NYS2d 110]—

Judgments, Supreme Court, New York County (Budd G. Goodman, J.), rendered May 16, 2002, convicting defendants, after a jury trial, of attempted murder in the second degree, robbery in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing each of them, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.

The court properly denied defendants' application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record establishes that the court completed the third step of the *Batson* protocols, and supports its finding that the specifically articulated, nondiscriminatory reasons provided by the prosecutor for the challenge in question were not pretextual. Defendants' challenge to the sufficiency of the court's finding is unpreserved and

unavailing. Viewed in context, the court's express finding that the panelist was "spaced out" clearly constituted the court's acceptance, based on its own observations of the juror's behavior, of the prosecutor's demeanor-based explanation for the peremptory challenge. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

The court properly exercised its discretion in admitting evidence that, one to two weeks before the incident, defendant Perkins was in possession of a revolver of similar appearance to the weapon used in the charged crimes. This evidence was relevant to show that Perkins had access to such a weapon, thus tending to establish his involvement in the charged crimes (*People v Del Vermo*, 192 NY 470, 478-482 [1908]; *People v Marte*, 7 AD3d 405, 407 [2004], *lv denied* 3 NY3d 677 [2004]), and its probative value outweighed any prejudicial effect. Contrary to Perkins's argument, we conclude that, when viewed as a whole, the court's ruling on the People's *Molineux* application encompassed this theory of admissibility.

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Sullivan, Nardelli, Williams and Sweeny, JJ.