■ The People of the State of New York, Respondent, v Delvi Antonio Pimental, Also Known as Delvi Pimentel, Appellant. [851 NYS2d 518]—

Judgment, Supreme Court, New York County (Renee A. White, J., on severance motion; Marcy L. Kahn, J., at jury trial and sentence), rendered on or about June 13, 2000, convicting defendant of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years and 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Any inconsistencies in the victim's testimony were not so significant as to cast doubt on the reliability of her identification of defendant.

The court properly denied defendant's pretrial motion to sever the robbery and weapon charges, since they were properly joined in accordance with CPL 200.20 (2) (b). Evidence that at the time of his arrest, approximately two weeks after the robbery, defendant possessed a knife that was similar to the one

described as having been used in the robbery was relevant to establish his identity as the robber, as well as to show that at the time of his arrest he possessed the knife with intent to use it unlawfully (*see People v Bailey*, 14 AD3d 362, 363 [2005], *lv denied* 4 NY3d 856 [2005]; *People v Marte*, 7 AD3d 405, 407 [2004]). To the extent that defendant presently argues that the victim's trial testimony did not conform to the representations made by the People in opposing the severance motion, that argument is unpreserved because defendant did not renew the motion during trial (*cf. People v Abrew*, 95 NY2d 806, 808 [2000] [absent renewed motion, trial evidence not a basis for challenging suppression ruling]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The trial testimony fully supported the People's joinder theory.

The court properly denied defendant's mistrial motion, which asserted that the prosecutor's summation arguments vouched for witnesses and mischaracterized defendant's defense. Although the court sustained objections to arguments by the prosecutor that the robbery victim was honest, each argument was wholly proper as each was grounded in the evidence and urged the jury to draw a reasonable conclusion from the evidence and the prosecutor neither purported to be asserting nor suggested he was asserting a personal opinion let alone one unconnected to the evidence. Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.