■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLLIER GILLYARD, Appellant. [866 NYS2d 9]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., on severance motion; Bruce Allen, J., at jury trial

and sentence), rendered November 9, 2006, convicting defendant of robbery in the second degree, grand larceny in the fourth degree and criminal impersonation in the first and second degrees, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). The record establishes that defendant impersonated a police officer in two incidents, approximately one month apart, and forcibly took property from the victim in the first incident. With respect to the first incident, there is no basis for disturbing the jury's determinations concerning credibility. With respect to the second incident, defendant's argument that he did not actually impersonate a police officer is without merit.

The court properly admitted into evidence a "universal" handcuff key recovered from defendant during his pretrial incarceration approximately one month after the second incident. Defendant's possession of the key demonstrated his access to and familiarity with handcuffs, which were involved in both crimes (*see e.g. People v Pimental*, 48 AD3d 321 [2008], *lv denied* 10 NY3d 843 [2008]). The lapse of time was not so great as to render this evidence excessively remote (*see People v Del Vermo*, 192 NY 470, 481-482 [1908]). Even if viewed as evidence of an uncharged crime, its probative value exceeded its prejudicial effect, which was minimized by the court's limiting instructions.

We have considered and rejected defendant's arguments concerning the prosecutor's summation and the court's denial of defendant's severance motion.

We perceive no basis for reducing the sentence. Concur— Lippman, P.J., Gonzalez, Nardelli, Acosta and DeGrasse, JJ.