■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS A. FERNANDEZ, Appellant. [903 NYS2d 176]—

Malone Jr., J. Appeal from a judgment of the County Court of Ulster County (Teresi, J.), rendered June 1, 2009, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child.

Between August 2005 and December 2005, defendant (born in 1987) allegedly engaged in sexual conduct with the complainant (born in 1997), a member of his family, on at least three occasions. The complainant did not reveal this until 2008, at which time defendant was charged with course of sexual conduct against a child in the first and second degrees, rape in the first degree, sexual abuse in the first and second degrees and endangering the welfare of a child. Following a jury trial, defendant was convicted of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child. Defendant unsuccessfully moved to set aside the verdict and was then sentenced to an aggregate jail term of four months to be followed by 10 years of probation.[1] Defendant appeals.

Initially, we agree with defendant that count 5 of the indictment, charging him with sexual abuse in the second degree (*see* Penal Law § 130.60 [2]), is an inclusory concurrent count of the one charging him with sexual abuse in the first degree (*see* Penal Law § 130.65 [3]; *see also* CPL 1.20 [37]; 300.40 [3] [b]). Accordingly, defendant's conviction of sexual abuse in the second degree must be reversed and that count dismissed (*see People v Harp*, 20 AD3d 672, 674 [2005], *lv denied* 5 NY3d 852 [2005]).

Next, while we find that the evidence presented was legally sufficient to support the remaining convictions, we agree with defendant that County Court improperly precluded him from presenting testimony of two family members regarding the complainant's reputation in their family for untruthfulness. Defendant has the absolute "right to present to the jury a witness with personal knowledge of complainant['s] bad reputation for truthfulness and veracity in the community" (*People v Hanley*, 5 NY3d 108, 113 [2005]; *see People v Pavao*, 59 NY2d 282, 290 [1983]; *People v Bouton*, 50 NY2d 130, 138-140 [1980]). Here, the court precluded reputation testimony by Juan Collazo on the basis that defense counsel had failed to lay a proper foundation for such. However, our review of the record reveals that defense counsel questioned Collazo about his relation to both

1. This Court granted defendant's application to stay the execution of the sentence pending this appeal.

defendant and the complainant, how long he had known the complainant, how large their extended family was and how often they all gathered together. Collazo also testified that, when the extended family gathered, the complainant's reputation was discussed. In our view, this testimony provided an adequate foundation for the reputation testimony. In addition, the court improperly precluded reputation testimony by Ramona Fernandez on the basis that the family was not a community for purposes of reputation testimony.[2] However, the record here supports a finding that, within the extended family at issue, the members had the requisite "quantity and quality" of contact with the young complainant as to be considered her community (*People v Bouton*, 50 NY2d at 139). "[T]he evidence . . . demonstrate[d] a reputation rather than merely 'individual and independent dealings' " (*id.* at 139-140, quoting *People v Colantone*, 243 NY 134, 139 [1926]). Any purported bias of the family members could have been explored and developed by the prosecutor, and the court's refusal to permit the testimony denied the jury the opportunity to perform its function in fully assessing the credibility of the complainant. This was particularly damaging to defendant considering that the only evidence presented to establish that the abuse actually occurred was the complainant's testimony and, therefore, her "credibility was the central issue" (*People v Streitferdt*, 169 AD2d 171, 175 [1991], *lv denied* 78 NY2d 1015 [1991]). Under these circumstances, the error in precluding reputation testimony cannot be considered harmless.

In light of the foregoing, we need not address defendant's remaining contentions.

Kavanagh and Garry, JJ., concur.

McCarthy, J. (concurring in part and dissenting in part). We agree with the majority that defendant's conviction of sexual abuse in the second degree must be reversed and that count dismissed as an inclusory concurrent count. We also agree that the evidence was legally sufficient to support the remaining convictions. We disagree, however, with the majority's conclusion that County Court erred in precluding defendant from presenting reputation evidence. We would not remit for a new trial, but would instead affirm the convictions of sexual abuse in the first degree and endangering the welfare of a child.

Evidence of a key witness's reputation for untruthfulness is admissible as a matter of right if the proper foundation has

---

**2.** We note that the "community" about which Fernandez would have testified included more than family members, considering that she stated that family friends were also familiar with the complainant.

been laid (*see People v Hanley,* 5 NY3d 108, 114 [2005]). The determination as to whether particular evidence is admissible, including whether a proper foundation has been laid, rests within the trial court's sound discretion (*see People v Welch,* 71 AD3d 1329, 1331 [2010]; *People v Morehouse,* 5 AD3d 925, 928-929 [2004], *lv denied* 3 NY3d 644 [2004]; *People v Wemette,* 285 AD2d 729, 730 [2001], *lv denied* 97 NY2d 689 [2001]; *see also United States v Augello,* 452 F2d 1135, 1140 [2d Cir 1971], *cert denied* 406 US 922 [1972], 409 US 859 [1972]). We will disturb the trial court's evidentiary rulings only if the court abused its discretion in admitting or precluding evidence (*see People v Roberts,* 66 AD3d 1135, 1137 [2009]; *see also Michelson v United States,* 335 US 469, 480 [1948]).

To establish a foundation to admit testimony that a key witness has a reputation for untruthfulness in the community, the proponent must show that the character witness is a member of the same community, has been a member of that community for a substantial period of time, knows others in the community who also know the key witness, has heard those other people discuss the key witness and knows from those discussions the key witness's reputation for untruthfulness (*see* 1-5 Jonakait, Baer, Jones & Imwinkelried, New York Evidentiary Foundations, ch 5, part 2, § F [2] [2d ed rev 2009]; *see also Michelson v United States,* 335 US at 478). Underlying these foundational elements is the requirement that the proponent of the testimony identify a sufficiently large community that includes the key witness and the character witness as members. "A reputation may grow wherever an individual's associations are of such quantity and quality as to permit him [or her] to be personally observed by a sufficient number of individuals to give reasonable assurance of reliability. In short, the evidence must demonstrate a reputation rather than merely 'individual and independent dealings' " (*People v Bouton,* 50 NY2d 130, 139-140 [1980] [citations omitted], quoting *People v Colantone,* 243 NY 134, 139 [1926]).

We cannot say that County Court abused its discretion in ruling that the foundational testimony of the proposed character witnesses was insufficient to allow admission of reputation evidence in this case. When asked if other people in her family also knew the victim, Ramona Fernandez testified, "Yes, all my family." When asked to clarify that answer, she responded, "And friends, my sisters and my nieces, my nieces, friends of the family." Defense counsel asked whether Fernandez had been present when these people discussed the victim, eliciting the vague answer, "Oh, we always talk about the children, so I guess,

yes." In response to the question "How many persons have you heard discuss [the victim]?", she responded, "All my family especially the kids." She finally testified that she had heard the victim's reputation for truthfulness discussed. County Court then sustained the People's objection to the question seeking that reputation, based upon a lack of foundation.

Considering the vague response that Fernandez "guess[ed]" that she had been present when people talked about the victim, her generic answers regarding who specifically she included when she referred to her family, and her failure to provide a responsive answer when asked how many persons were included in the purported community, County Court acted within its discretion in determining that defendant failed to establish a foundation for reputation evidence. Fernandez's testimony did not establish that a sufficient number of individuals were included in the identified group so as to qualify as a community and "demonstrate a reputation rather than merely 'individual and independent dealings' " (*People v Bouton*, 50 NY2d at 139-140, quoting *People v Colantone*, 243 NY at 139; *see United States v Augello*, 452 F2d at 1140; *Norton v State*, 785 NE2d 625, 629-632 [Ind 2003]; *State v Ricker*, 770 A2d 1021, 1024 [Me 2001] [noting that the "community must be sufficiently numerous for the opinion of reputation to be reliable"]).

County Court similarly did not abuse its discretion by precluding Juan Collazo from testifying regarding the victim's reputation. When initially asked if he was related to the victim, Collazo responded in such a rambling fashion that the court was required to ask, "Does that mean you were or you weren't related?" When defense counsel asked how often he had come in contact with the victim, Collazo responded, "I couldn't tell you numbers but very often." That nebulous answer was never clarified. In response to a question as to whether he knew other people in the family that also know the victim, he responded that "the whole family knows her." When asked who those people are, Collazo referred to some individuals by name and others by familial relationship, but completed his answer saying, "I can't remember every name but at least twenty-five, thirty in the family." He was then asked how many times he had heard these people discuss the victim, but answered that he "really can't pinpoint a number." Again, defense counsel did not follow up on that answer or attempt to clarify it. Collazo testified that he had heard the victim's reputation for truthfulness discussed in the family, but County Court sustained the foundational objection when counsel asked him what that reputation was. Although 25 to 30 individuals may be a sufficiently

large group to constitute a community, that number seemed like a random approximation and Collazo could not even remember the names of members of his own family. In addition, Collazo's testimony did not indicate how often he had come into contact with the victim or how many times he had heard others discuss her. Considering these holes in the foundational testimony, the court did not err in determining that the foundation was lacking, thereby precluding the reputation evidence.

Granting appropriate deference to County Court's evidentiary rulings that defendant failed to establish the proper foundation to admit evidence of the victim's reputation for untruthfulness, this Court should affirm the convictions of sexual abuse in the first degree and endangering the welfare of a child.

Peters, J.P., concurs. Ordered that the judgment is reversed, on the law, count 5 of the indictment dismissed, and matter remitted to the County Court of Ulster County for a new trial on counts 4 and 6 of the indictment.