THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOVE MCGHEE, Appellant. [920 NYS2d 164]—

In 2006 the defendant was charged with murder in the second degree and manslaughter in the first degree in connection with the August 2001 beating death of Edgar Garzon in Jackson Heights, Queens. At trial in 2008, the defendant was identified as Garzon's assailant by one witness, who was 14 years old at the time of the crime, and who, it was undisputed, knew the defendant very well. The defendant sought to impeach that identifying witness with the testimony of the witness's father as to his son's "exceedingly bad" reputation in the community for truth and veracity. The Supreme Court permitted such testimony, but did not allow the father to testify that he had discussed his son's reputation with the witness's "teachers, neighbors, friends, people of that sort." On appeal, the defendant contends, inter alia, that the Supreme Court deprived him of a fair trial in refusing to permit him to establish the basis of the father's knowledge as to his son's reputation for truth and veracity.

A party is permitted to present testimony, once a proper foundation has been laid, that a "key opposing witness" has a bad reputation in the community for truth and veracity (*People v Pavao*, 59 NY2d 282, 290 [1983]; *see People v Hanley*, 5 NY3d 108, 112 [2005]; *People v Fernandez*, 74 AD3d 1379 [2010], *lv granted* 15 NY3d 780 [2010]; *cf. People v Hinksman*, 192 NY 421, 432 [1908]). To lay a foundation for such reputation testimony, the offering party must establish that the impeaching witness knows the opposing witness's general reputation for truth and veracity (*see Carlson v Winterson*, 147 NY 652, 655-656 [1895]; *People v Fernandez*, 74 AD3d at 1380-1381; *People v Rosario*, 298 AD2d 244, 244-245 [2002]; *People v Carlo*, 46 AD2d 764, 765 [1974]; *cf. People v O'Regan*, 221 App Div 331, 335-336 [1927]; *see generally* Fisch on New York Evidence § 454, at 294 [2d ed]; Prince, Richardson on Evidence § 6-402, at 386 [Farrell 11th ed]). Once the proper foundation has been laid, the impeaching witness is permitted to testify as to that reputation, but the evidence is strictly limited to the reputation for truth and veracity, and may not address the general reputation of the impeached witness's character (*cf. People v Bouton*, 50 NY2d

130, 139 [1980]; *see generally* Barker and Alexander, Evidence in New York State and Federal Courts § 6:56, at 588 [5 West's NY Prac Series 2001]).

Here, the Supreme Court permitted the defendant to lay an adequate foundation as to the father's knowledge of his son's reputation in the community for truth and veracity, and the basis of that knowledge. The father was permitted to testify that he had, after his wife left the family, raised his son as a single parent, taught at the high school his son attended, and continued to live in the community where he had raised his son. Further, the father was permitted to testify that he knew of his son's reputation in the community for truth and veracity. In addition, as to the substance of that reputation, the father was permitted to testify that it was "exceedingly bad."

The defendant's remaining contention is without merit. Skelos, J.P., Balkin, Dickerson and Leventhal, JJ., concur.