(May 26, 2016)

■ The People of the State of New York, Respondent, v Sean Baker, Appellant. [32 NYS3d 144]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 12, 2010, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, and order, same court and Justice, entered on or about September 3, 2014, which denied his CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court did not violate defendant's right to be present at a material stage of trial when it excluded him, but not his attorney, from a hearing regarding protective orders delaying certain discovery. Defendant has not shown that his presence would have been useful, and his various arguments about his ability to contribute are unpersuasive. In any event, any potential for input from defendant was outweighed by valid concerns for the witnesses' safety, underlying the need for defendant's exclusion (see People v Frost, 100 NY2d 129, 135 [2003]).

Defendant abandoned his pro se motion for assignment of new counsel, not, as defendant puts it, by failing to make a

"second" motion, but by failing to call the court's attention to the fact that the existing motion remained unresolved (*see People v Santos*, 14 AD3d 316 [1st Dept 2005], *lv denied* 4 NY3d 856 [2005]). There is no indication in the record that the court was even aware that this document existed. In any event, this typical standard form motion did not contain the specific factual allegations of serious complaints about counsel necessary to trigger the court's obligation to make a minimal inquiry (*see People v Porto*, 16 NY3d 93, 100-101 [2010]).

In all respects, defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). With regard to defendant's claim of ineffective assistance in the plea bargaining process, the court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (*see People v Samandarov*, 13 NY3d 433, 439-440 [2009]; *People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Defendant's affidavit was inconsistent with the trial record, self-contradictory, uncorroborated by any other evidence, and otherwise without merit. With regard to defendant's claim of ineffective assistance in connection with sentencing, defendant, who received a less than maximum sentence despite the heinous facts of the crime, has not shown that the additional steps he faults his counsel for omitting could have led to even greater leniency. Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.