People v Birkett (2018 NY Slip Op 08072)





People v Birkett


2018 NY Slip Op 08072


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7699 700/15

[*1]The People of the State of New York, Respondent,
v
Clete Birkett, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Sarah L. Rosenbluth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 2, 2016, convicting defendant, after a jury trial, of three counts of burglary in the first degree, two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 22 years, unanimously affirmed.
Under the circumstances, defendant did not have the right to be present at a colloquy on his counsel's motion for recusal of the trial court, which involved the court's alleged involvement with defendant during the Judge's former employment as a prosecutor, and which was conducted in camera for valid security reasons regarding the identity of an informant (see People v Baker, 139 AD3d 591, 591 [1st Dept 2016], lv denied 28 NY3d 1025 [2016]). Defendant has not shown that he could have provided any input, because the record, developed at an earlier proceeding at which defendant was present, demonstrates that defendant had no prior interactions with the trial court. Therefore, defendant would have had no way of knowing whether the court knew anything prejudicial about him that would allegedly warrant recusal.
The court providently exercised its discretion in denying the recusal motion (see People v Moreno, 70 NY2d 403, 405 [1987]). The court informed the parties that, 24 years earlier, while a prosecutor, he had some knowledge of defendant, by way of an informant, and that defendant had a case that was being prosecuted by a colleague in the District Attorney's Office. The court's prior knowledge of, or involvement with, defendant was minimal, at best. There is no indication that the court was actually biased against defendant or that the denial of the recusal motion deprived defendant of a fair trial.
The court providently exercised its discretion in admitting a black nine millimeter pistol, the same type of weapon that, according to other evidence, was used in the crime. The pistol was recovered, pursuant to a search warrant, from defendant's girlfriend's apartment three months after the commission of the crime, and the evidence showed that defendant resided in that apartment. This evidence was relevant to show that defendant had access to that type of weapon, and it thus tended to establish his involvement in the charged crimes (see People v Del Vermo, 192 NY 470, 478-482 [1908]; People v Bailey, 14 AD3d 362, 363 [1st Dept 2005], lv denied 4 NY3d 856 [2005]; People v Marte, 7 AD3d 405, 407 [1st Dept 2004], lv denied 3 NY3d 677 [2004]). The jury could have drawn a reasonable inference that the weapon was in defendant's possession at the time of the crime, and the availability of other inferences went to weight rather than admissibility. Furthermore, the probative value of this evidence, which the court carefully limited, outweighed any prejudicial effect.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK