People v Alexander (2019 NY Slip Op 01341)





People v Alexander


2019 NY Slip Op 01341


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8031 717/15

[*1]The People of the State of New York, Respondent,
v
Raymond Alexander, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Claudia Trupp of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 4, 2017, convicting defendant, after a jury trial, of assault in the second degree, criminal possession of a weapon in the second degree (two counts) and attempted assault in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
The court providently exercised its discretion in admitting in evidence a photograph, taken less than two months before the shooting, showing a person, sufficiently established to be defendant, holding a revolver of the type used in the crime. This evidence was relevant to show that defendant had access to such a weapon, thus tending to establish his identity as the perpetrator, and there was no requirement of proof that the revolver in the photograph was the actual weapon used in the crime (see e.g. People v Del Vermo, 192 NY 470, 478-482 [1908]; People v Bailey, 14 AD3d 362, 363 [1st Dept 2005], lv denied 4 NY3d 851 [2005]; People v Marte, 7 AD3d 405, 407 [1st Dept 2004], lv denied 3 NY3d 677 [2004]).
Defendant has not established that he was prejudiced by the timing of, and alleged change in, the court's ruling regarding the photograph. The court expressly stated that it would reserve decision on admissibility until it determined whether the People could lay a foundation establishing that defendant was the person depicted. Then, after defendant's testimony, elicited through permissible cross-examination, established such a foundation, the court appropriately received the photograph in evidence. The evidence was not received as rebuttal evidence or on a door-opening theory, but because of the particular circumstance that defendant's testimony supplied the necessary foundation.
The court also properly admitted a series of text messages sent and received about a day before the shooting, discussing the operability of a "22." Even though the weapon used in the shooting was not a .22 caliber, the text messages, viewed in context, tended to show that defendant was planning the shooting.
The record refutes defendant's claim that he was denied his right to be present at proceedings relating to the admissibility of uncharged crimes evidence.
The court properly instructed the jury on accessorial liability, notwithstanding that no such language appeared in the indictment and the People's main theory was that defendant personally shot the victim. There was no improper amendment of the indictment, because an indictment charging a defendant as a principal is "not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 NY2d 766, 769 [1995]). A theory that defendant intentionally aided a particular other person, who did the actual shooting, was supported by defendant's own testimony. Although defendant claimed he had not shared the gunman's intent, such intent could [*2]be inferred from the totality of the evidence. We reject defendant's claim of unfair surprise, particularly because the theory of accessorial liability arose from defendant's own testimony (see People v Spann, 56 NY2d 469 [1982]; People v Alford, 246 AD2d 337 [1st Dept 1998]).
During defendant's testimony, the court providently exercised its discretion when it precluded, as hearsay, the contents of a statement allegedly made to defendant by the actual perpetrator. Defendant's offer of proof was insufficient to demonstrate that the content of the statement was admissible for a legitimate purpose other than its truth.
The court also providently exercised its discretion in denying defendant's mistrial motion made on the basis of a police officer's isolated reference to inadmissible evidence. The court's curative instruction, which the jury is presumed to have followed, was sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]; People v Young, 48 NY2d 995 [1980)).
To the extent that defendant is raising constitutional claims relating to the above-discussed issues, those claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK