■ The People of the State of New York, Respondent, v Daniel McNair, Appellant. [926 NYS2d 101]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at suppression hearing; Patricia M. Nunez, J., at plea and sentencing), rendered January 7, 2010, convicting defendant of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony drug offender, to a term of 13 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant failed to preserve his claim that the police lacked reasonable suspicion to stop a car in which he was a passenger (see *People v Davis*, 233 AD2d 148 [1996], *lv denied* 89 NY2d 941 [1997]; see also *People v Colon*, 46 AD3d 260, 263 [2007]). Defendant likewise failed to preserve his claim that the procedure by which the People obtained a search warrant to retrieve information from his cell phone was unconstitutional (see *People v Iannelli*, 69 NY2d 684 [1986], *cert denied* 482 US 914 [1987]). We decline to review either of these claims in the interest of justice. As an alternate holding, we reject both claims on the merits.

When the police stopped the car in which defendant was riding, they clearly had reasonable suspicion that defendant, along with the driver and other persons, had just taken part in a large drug transaction. This was based on a long-term investigation, including surveillance and eavesdropping, that led to a chain of circumstantial evidence justifying the stop of the car.

The police took custody of a cell phone that defendant was carrying at the time of his arrest. While this case was pending

in Supreme Court, the police obtained a search warrant to retrieve information from the phone. The ex parte procedure was lawful, since the target of a search warrant has no right to notice or an opportunity to be heard on the application (*see* CPL art 690; *Matter of Albany County Dept. of Social Servs. v Rossi*, 62 AD3d 1049, 1050 [2009]). We reject defendant's argument that a different procedure was constitutionally required under the circumstances of this case.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ.