■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE GONZALEZ, Appellant. [930 NYS2d 189]—

The court properly denied defendant's suppression motion. This Court has conducted an in camera review of the minutes of the hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]). After reviewing those minutes and all of the arguments raised by defendant on appeal, we find no basis for suppression.

Defendant did not preserve his claim that the *Darden* procedure for ex parte examinations should be confined to cases involving warrants, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We note that the *Darden* case itself involves a warrantless arrest.

We adhere to our prior decision in which we denied defendant's motion for disclosure of the sealed hearing minutes and related relief (*People v Gonzalez*, 2010 NY Slip Op 83545[U] [2010]).

The court properly received evidence that defendant possessed a knife at the time of his arrest one week after the robbery. The victim testified that the knife resembled the knife used in the robbery. Accordingly, the knife was clearly relevant (*see e.g. People v Del Vermo*, 192 NY 470, 481-482 [1908]; *People v Pimental*, 48 AD3d 321 [2008], *lv denied* 10 NY3d 843 [2008]). Defendant did not preserve his argument that the knife should have been excluded as evidence of an uncharged crime, or his assertion that the prosecutor's summation raised a propensity

argument, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Friedman, Catterson, Moskowitz and Abdus-Salaam, JJ.