OPINION OF THE COURT
Stein, J.
On this appeal, we are asked to determine whether the People proffered a sufficient foundation at trial to authenticate *474 a photograph — purportedly of defendant holding a firearm and money — that was obtained from an Internet profile page allegedly belonging to defendant. We conclude that the People’s proof fell short of establishing the requisite authentication to render the photograph admissible in evidence.
I.
Defendant was convicted by a jury of two counts of robbery (Penal Law §§ 160.15 [4]; 160.10 [1]). At the trial, a witness testified that he was conducting milk deliveries with the victim when he noticed — from his vantage point inside the delivery truck — that someone was holding a gun about a foot away from the chest of the victim, who was standing outside the truck. After exchanging words with the gunman, the victim threw a handful of cash from his pocket to the ground. The gunman’s accomplice gathered the money and the two robbers fled. The witness never saw the gunman’s face and was unable to identify defendant at trial as either of the perpetrators.
Following this testimony, the People informed the court that they intended to introduce a photograph that was “found on the internet,” which purportedly depicted defendant holding a handgun.[1] According to the People, the victim would identify the gun in the photograph as the weapon used during the robbery, and a detective would identify defendant as the individual holding the gun in the picture. Defendant objected to the admission of the photograph in evidence, arguing that the People had not proffered a sufficient foundation establishing the authenticity of the photograph as a fair and accurate representation of defendant holding a gun and that the photograph had not been altered. In response, the People contended that the necessary foundation would be established through proof that the photograph was obtained from a publicly available web page that bore an Internet profile associated with defendant’s surname and photographs of him. Over defendant’s renewed objection to the sufficiency of the proffered authentication, the court ruled that the photograph would be admissible in connection with the proposed testimony.
Thereafter, the victim testified to the circumstances of the robbery, and he identified defendant as the gunman. The victim *475 described the firearm used in the robbery as a 9 millimeter automatic with a silver rectangular feature on the top of the barrel, but he admitted that he had no prior familiarity with firearms. When shown the portion of the photograph obtained from the website depicting the gun, the victim testified that the gun looked “similar” to the gun used in the robbery, but he could not identify the gun in the photograph as the one held by the robber.
A police detective subsequently testified that she found the photograph in question on the website “BlackPlanet.com.” The detective had searched defendant’s surname “Price” and, after scrolling through several pages of results containing approximately 50 Internet profiles — the usernames of which incorporated the term “Price” — the detective saw a public profile that contained several photographs of defendant and had the user name “Price_OneofKind.” There was no reference to defendant’s full name on the profile page and, while the detective testified that the profile page listed the purported user’s age and hometown, she did not testify as to whether any of this information matched defendant’s pedigree information. Nor were any of the pages containing this pedigree information introduced to connect defendant to the specific user of this website.
The photograph at issue was posted to the Internet profile page several months before the robbery. The detective testified that the individual in the photograph holding the handgun “lookfed] like” defendant. She explained that she had printed the photograph from the Internet website, and she asserted that the printout was a true and accurate depiction of the photograph she observed on the website. However, the detective admitted that she did not know who took the photograph, when it was taken, where it was taken, or under what circumstances it was taken. Nor did she know whether the photograph had been altered or was a genuine depiction of that which it appeared to depict. Nevertheless, after the photograph was admitted into evidence over defendant’s objection, the detective identified defendant as the individual in the picture.
During summations, the People urged the jury to conclude that the photograph was taken from an Internet profile page belonging to defendant, and they emphasized that the victim “recognized” the gun depicted in the photograph as the one held by the gunman. Following deliberations, the jury found defendant guilty of both counts of robbery.
*476 Upon defendant’s appeal, the Appellate Division affirmed the judgment of conviction, holding that “the People laid a proper foundation for admission of the photograph, it was relevant to the issue of the defendant’s identity as the gunman, and its probative value outweighed any prejudicial effect” (127 AD3d 995, 996 [2d Dept 2015]). A Judge of this Court granted defendant leave to appeal (25 NY3d 1206 [2015]).
II.
Defendant argues that the trial court erred by admitting into evidence the photograph obtained from the Internet because the People failed to sufficiently authenticate it. Defendant contends that the People’s authentication proffer was lacking because the victim could not identify the firearm in the image and because the People presented no evidence that the photograph was genuine and had not been altered. The People argue in response that the photograph was sufficiently authenticated by the detective’s testimony that the printout was a fair and accurate representation of the image shown on the Internet profile page, combined with the indicia suggesting that the profile belonged to defendant.
“In order for a piece of evidence to be of probative value, there must be proof that it is what its proponent says it is. The requirement of authentication is thus a condition precedent to admitting evidence” (United States v Sliker, 751 F2d 477, 497 [2d Cir 1984]; see 1-4 David M. Epstein et al., New York Evi-dentiary Foundations § A [2016]). “Accuracy or authenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it” (People v McGee, 49 NY2d 48, 59 [1979]). We have explained that “[t]he foundation necessary to establish [authenticity] may differ according to the nature of the evidence sought to be admitted” (id.). For example, mere identification by one familiar with an item of evidence may suffice where the item is distinct or unique (see People v Julian, 41 NY2d 340, 343 [1977]; see e.g. People v Flanigan, 174 NY 356, 368 [1903]). Where a party seeks to admit tape recordings, authenticity may often be established by testimony from a participant in the conversation attesting to the fact that the recording is a fair and accurate reproduction of the conversation (see People v Ely, 68 NY2d 520, 527 [1986]; People v Arena, 48 NY2d 944, 945 [1979]). In addition, testimony establishing a chain of custody may suffice to demonstrate authenticity in other circumstances (see e.g. Julian, 41 NY2d at 343; Amaro v City of New York, 40 NY2d 30, 35 *477 [1976]; People v Connelly, 35 NY2d 171, 174 [1974]; see also People v Patterson, 93 NY2d 80, 84 [1999]; Ely, 68 NY2d at 528). Ultimately, “[t]he availability of these recognized means of authentication should ordinarily allow for and promote the general, fair and proper use of new technologies, which can be pertinent truth-yielding forms of evidence” (Patterson, 93 NY2d at 84).
With respect to photographs, we have long held that the proper foundation should be established through testimony that the photograph “accurately represents the subject matter depicted” (People v Byrnes, 33 NY2d 343, 347 [1974]; see Patterson, 93 NY2d at 84; 1-4 David M. Epstein et al., New York Evidentiary Foundations § I [2016]; Prince, Richardson on Evidence § 4-212 [2008]; Fisch on New York Evidence § 142 at 82-83 [2d ed 1977]). “Rarely is it required that the identity and accuracy of a photograph be proved by the photographer. Rather, since the ultimate object of the authentication requirement is to insure the accuracy of the photograph sought to be admitted into evidence, any person having the requisite knowledge of the facts may verify,” or an expert may testify that the photograph has not been altered (Byrnes, 33 NY2d at 347 [citations omitted]; see Patterson, 93 NY2d at 84).
The People failed to authenticate the photograph through any of these methods at trial, as the victim was unable to identify the weapon as that which was used in the robbery,[2] and no other witnesses testified that the photograph was a fair *478 and accurate representation of the scene depicted (see People v Marra, 21 NY3d 979, 981 [2013], affg 96 AD3d 1623, 1625-1626 [4th Dept 2012]; Byrnes, 33 NY2d at 347; Alberti v New York, Lake Erie & W. R.R. Co., 118. NY 77, 88 [1889]; see also Zegarelli v Hughes, 3 NY3d 64, 69 [2004]) or that it was unaltered. Indeed, the People do not claim, on appeal, to have satisfied the traditional authentication requirements.
Rather, the People argue that authentication of the photograph by a witness with personal knowledge of the scene depicted or through expert testimony is unnecessary in cases such as this, where the photograph at issue is obtained from an Internet profile page that the People claim is controlled by defendant. To that end, the People point out that courts of several other jurisdictions have adopted a two-pronged analysis for authenticating evidence obtained from Internet profiles or social media accounts. This approach allows for admission of the proffered evidence upon proof that the printout of the web page is an accurate depiction thereof, and that the web page is attributable to and controlled by a certain person, often the defendant (see e.g. State v Jones, 318 P3d 1020, *5-6 [Kan Ct App 2014]; Smoot v State, 316 Ga App 102, 109-111, 729 SE2d 416, 425-426 [2012]; United States v Bansal, 663 F3d 634, 667 [3d Cir 2011]; Tienda v State, 358 SW3d 633, 642 [Tex Crim App 2012]). The courts that have adopted this approach have generally held that circumstantial evidence, such as identifying information and pictures, may be used to authenticate a profile page or social media account as belonging to the defendant. Relying on these out-of-state cases, the People contend that the detective’s testimony identifying and describing the profile page she found on BlackPlanet.com, combined with her testimony that the printout was an accurate representation of the photograph displayed thereon, provided sufficient authentication evidence to allow admission of the photograph. We disagree.
Assuming without deciding that a photograph may be authenticated through the method proposed by the People, the evidence presented here of defendant’s connection to the website or the particular profile was exceedingly sparse.[3] For example, notably absent was any evidence regarding whether *479 defendant was known to use an account on the website in question, whether he had ever communicated with anyone through the account, or whether the account could be traced to electronic devices owned by him. Nor did the People proffer any evidence indicating whether the account was password protected or accessible by others, whether non-account holders could post pictures to the account, or whether the website permitted defendant to remove pictures from his account if he objected to what was depicted therein. Without suggesting that all of the foregoing information would be required or sufficient in each case, or that different information might not be relevant in others, we are convinced that the authentication requirement cannot be satisfied solely by proof that defendant’s surname and picture appears on the profile page. Thus, even if we were to accept that the photograph could be authenticated through proof that the web page on which it was found was attributable to defendant, the People’s proffered authentication evidence failed to actually demonstrate that defendant was aware of — let alone exercised dominion or control over — the profile page in question (see United States v Vayner, 769 F3d 125, 132-133 [2d Cir 2014]; Commonwealth v Williams, 456 Mass 857, 869, 926 NE2d 1162, 1172-1173 [2010]; *480 compare Jones, 318 P3d at *6; Moore v State, 295 Ga 709, 713, 763 SE2d 670, 674 [2014]).
III.
In sum, the People failed to demonstrate that the photograph was a fair and accurate representation of that which it purported to depict. Nor — assuming adoption of the test urged by the People (or some variation thereof) — did the People present sufficient evidence to establish that the web page belonged to, and was controlled by, defendant. Thus, although the decision of whether to admit or preclude evidence generally rests within the discretion of the trial court (see Patterson, 93 NY2d at 84), admission of the photograph here lacked a proper foundation and, as such, constituted error as a matter of law. Furthermore, on the facts of this case, we cannot conclude that the error was harmless (see generally People v Crimmins, 36 NY2d 230, 242 [1975]).
Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

. The concurrence insists upon referring to the photograph as a “digitized rendition posted on a social media site.” Such characterization does not alter the fact that the People proffered the image as a photograph purporting to depict a real-life, accurate, and genuine representation of defendant holding a firearm.

. The concurrence appears to confuse authentication with relevance. To be sure, Appellate Division Departments have found in-court testimony from witnesses who claim that they have observed a defendant possessing a weapon similar to that which is alleged to have been used in a crime to be relevant. In such cases, however, there is no question as to the authenticity of a witness’s testimony (see e.g. People v Gonzalez, 88 AD3d 480, 480 [1st Dept 2011], lv denied 18 NY3d 924 [2012]; People v Rivera, 281 AD2d 702, 703 [3d Dept 2001], lv denied 96 NY2d 805 [2001]; People v Brown, 266 AD2d 863, 863 [4th Dept 1999], lv denied 94 NY2d 860 [1999]). Contrary to the concurrence’s analysis, the People here did not seek merely to “establish that the printout was a digital image from defendant’s web page” (concurring op at 483). Rather, the People sought to prove that defendant actually possessed the firearm used in the robbery. In other words, the photograph here was proffered only for the truth of its contents and, therefore, was relevant only insofar as it is a fair and accurate representation of that which it purports to depict. While fabricated or altered photographs found on a defendant’s Internet profile page may, in some other cases, be relevant regardless of the photograph’s authenticity — for example, if offered to show a defendant’s state of mind, familiarity with another person, or knowledge of something relevant *478 to the case — the People proffered no such purpose at trial for the photograph at issue here.

. We disagree with the assertion of our concurring colleagues that we should not decide this appeal without conclusively adopting a general and *479 comprehensive test for authentication to be applied, not only in this case, but in all cases involving authentication of photographs found on a social network web page. Because we conclude that the proffer was insufficient under any potential standard for authentication — whether it be the traditional method of authenticating a photograph or the standard offered by the People (or some variation thereof) — we need not go any further than deciding the case presently before us (cf. Matter of Solla v Berlin, 24 NY3d 1192, 1195 [2015] [even assuming, without deciding, adoption of petitioner’s proposed definition, petitioner would not prevail on appeal], rearg denied 25 NY3d 1063 [2015]; People v Basile, 25 NY3d 1111, 1113 [2015] [holding that the Court need not reach the question presented by defendant on appeal “because, even assuming that defendant is correct, he would not be entitled to relief on this record”]). “We reject the premise that we must now declare that one test would be appropriate for all situations, or that the proffered tests are the only options that should be considered” (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 27 [2016]). In our view, it is more prudent to proceed with caution in a new and unsettled area of law such as this. We prefer to allow the law to develop with input from the courts below and with a better understanding of the numerous factual variations that will undoubtedly be presented to the trial courts. Because we necessarily decide each case based on the facts presented therein, it would be premature to decide whether the People’s proffer would have been sufficient had the prosecution, hypothetically, established that the web page was controlled by defendant. At this time, it is sufficient and appropriate for us to hold that, based on the proffer actually made, the photograph was not admissible.