People v Wells (2018 NY Slip Op 03862)





People v Wells


2018 NY Slip Op 03862


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2014-11908
 (Ind. No. 223/13)

[*1]The People of the State of New York, respondent,
v
Christopher Wells, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered December 23, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination admitting certain surveillance video footage from the security system located in a building near the subject shooting, as the People presented sufficient evidence that the video footage accurately represented the events being depicted (see People v Price, 29 NY3d 472, 476; People v Patterson, 93 NY2d 80, 84; People v Lynes, 49 NY2d 286, 291-292).
We disagree with the Supreme Court's determination admitting photographs depicting the defendant found on Facebook and Instagram, inasmuch as the People failed to present sufficient evidence that the photographs were accurate and authentic (see People v Price, 29 NY3d at 479-480; cf. People v Franzese, 154 AD3d 706, 707). However, the admission of the photographs was harmless, as the proof of the defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted had the photographs not been admitted (see People v Crimmins, 36 NY2d 230, 241-242).
We agree with the Supreme Court's determination admitting photographs taken by the medical examiner during the victim's autopsy. The photographs served to illustrate and corroborate the medical examiner's testimony as to the nature and location of the victim's wounds and his manner of death, and to show the shooter's intent. As the manner of death and intent were material issues in the case, the photographs were properly admitted (see People v Pobliner, 32 NY2d 356, 369-370; People v Morin, 146 AD3d 901, 902).
The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutors during the People's opening statement and summation is almost entirely unpreserved for appellate review since he either failed to object or made only a general one-word [*2]objection to nearly all of the remarks he now challenges (see CPL 470.05[2]; People v Spigner, 153 AD3d 1289, 1289-1290). In any event, the majority of the challenged comments were either fair comment on the evidence and the inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105), fair response to the defense summation (see People v Galloway, 54 NY2d 396), or otherwise not improper. To the extent that some of the comments were improper, they did not deprive the defendant of a fair trial.
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court