People v Goldman (2019 NY Slip Op 02976)





People v Goldman


2019 NY Slip Op 02976


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9039 1114/12

[*1]The People of the State of New York, Respondent,
v
Reginald Goldman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jordan K. Hummel of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J. at search warrant hearing; Martin Marcus, J. at jury trial and sentencing), rendered June 9, 2016, convicting defendant of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously reversed, on the law, defendant's motion to suppress DNA evidence obtained by way of a search warrant issued on or about January 31, 2012 granted, and the matter remanded for a new trial.
The hearing court improperly precluded defense counsel from reviewing the People's application for a search warrant to obtain a sample of defendant's saliva for DNA purposes and from participating in the substantive portion of the hearing on the application. Defendant had not yet been charged with the homicide at issue, and he was in custody on unrelated charges. Counsel was notified of the search warrant proceeding because he represented defendant in connection with the other charges.
In general, search warrant applications are made ex parte (People v McNair, 85 AD3d 693, 694 [1st Dept 2011], lv denied 17 NY3d 819 [2011]). However, as explained in Matter of Abe A. (56 NY2d 288 [1982]), special rules apply to evidence to be taken from a suspect's body, such as blood or DNA samples.
The hearing court excluded defense counsel based on its understanding that the discussion of notice in Abe A. applied only to the first "discrete level" of Fourth Amendment analysis identified in that case, involving "the seizure of the person necessary to bring him into contact with government agents," and not the second level, involving "the subsequent search and seizure for the evidence" (id. at 295 [internal quotation marks omitted]). The hearing court ruled that defendant's entitlement to notice of the application to seize his person to "bring him into contact with government agents" was satisfied because he was already detained in an unrelated case, and that he was not entitled to notice and opportunity to be heard on the question of whether there was probable cause to support obtaining corporeal evidence from him.
Abe A.'s discussion of due process notice consisted of the following: "At this point it seems appropriate to add, since here there was no exigency, that the course followed by the People on its original application on notice to the suspect was no more than is required by such circumstances. After all, when frustration of the purpose of the application is not at risk, it is an elementary tenet of due process that the target of the application be afforded the opportunity to be heard in opposition before his or her constitutional right to be left alone may be infringed" (id. at 296 [citations omitted]).
We agree with defendant that the mere fact that the Abe A. court placed its pronouncement regarding notice in the midst of its discussion of the first level of intrusion at issue there does not establish that the principle announced applied only to that first level. Nothing in the Court's opinion suggests a basis for applying the "elementary tenet of due process" described by the Court only to the first part of an application for an order to physically detain a person and then make a corporeal search. Considering Abe A. as a whole, we cannot [*2]agree with the warrant court's conclusion that it contained what the People refer to as a "bifurcated holding" regarding notice. Accordingly, defendant is entitled to suppression of the DNA evidence obtained as a result of the warrant issued by the hearing court, and a new trial (see People v Fomby, 103 AD3d 28, 30 [3d Dept 2012], lv denied 21 NY3d 1015 [2013]). We have considered and rejected the People's arguments on the subjects of preservation and harmless error.
In addition, at trial the People failed to adequately authenticate an incriminating YouTube video under the standards set forth in People v Price (29 NY3d 472 [2017]), which was decided after defendant's trial. The authentication testimony was essentially limited to testimony that the video shown in court was the same as the one posted on YouTube and another website, and that defendant appears in the video. Accordingly, there was no authentication under any of the methods discussed in Price.
Because we are ordering a new trial, we find it unnecessary to reach defendant's remaining contentions other than to find that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence. At this juncture, we also do not address any issues that may arise on retrial in the event the People make further efforts to obtain a DNA sample or to authenticate the video (see People v Nieves, 67 NY2d 125, 136-137 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK