People v Davidson (2019 NY Slip Op 08962)





People v Davidson


2019 NY Slip Op 08962


Decided on December 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 17, 2019

Mazzarelli, J.P., Webber, Singh, Moulton, JJ.


10578 332/12

[*1] The People of the State of New York, Respondent,
v
Paul Davidson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Diane Kiesel, J.), rendered April 28, 2014, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree (three counts), assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
A Facebook photograph of defendant holding two handguns at a shooting range was not sufficiently authenticated under the standards and methods of authentication discussed in People v Price (29 NY3d 472 [2017]). However, the error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). We find it unnecessary to address any other issues relating to the admissibility of the photograph.
The court providently exercised its discretion in admitting evidence that defendant owed $15,000 in child support arrears to his estranged wife, one of the victims. The evidence was relevant to defendant's alleged motive (see generally People v Bailey, 32 NY3d 70, 83 [2018]), and its prejudicial impact did not outweigh any probative value.
Defendant did not preserve his arguments concerning the court's charge and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The court's alibi charge sufficiently conveyed the principle that the People have the burden of disproving an alibi defense beyond a reasonable doubt (see People v Victor, 62 NY2d 374 [1984]). When defense counsel objected to the court's expanded identification charge on the ground that defendant was claiming he had been falsely accused by his relatives rather than misidentified, the court retracted that charge with a curative instruction that met with counsel's satisfaction. We find no possibility of confusion or prejudice.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 17, 2019
CLERK