People v Mayo (2022 NY Slip Op 00881)





People v Mayo


2022 NY Slip Op 00881


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2016-09977
 (Ind. No. 9373/14)

[*1]The People of the State of New York, respondent,
v
Dupree Mayo, appellant.


Janet E. Sabel, New York, NY (David Crow and Schlam Stone & Dolan LLP [Michael A. Brodlieb], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rhea A. Grob, Keith Dolan, and Jason Eldridge of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered September 9, 2016, convicting him of attempted assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was convicted, upon a jury verdict, of attempted assault in the first degree and criminal possession of a weapon in the second degree, stemming from an incident in which the complainant was shot outside of his home.
The Supreme Court erred in admitting into evidence a photograph downloaded from a Facebook account allegedly belonging to the defendant and allegedly depicting the defendant wearing certain clothing similar to that worn by the perpetrator. In order to admit a photograph into evidence, it must be authenticated by proof that it is genuine and that it has not been tampered with (see People v Price, 29 NY3d 472, 476). Here, the People failed to properly authenticate the photograph. The People's only authentication evidence consisted of the testimony of a police witness who searched for the Facebook profile 1½ years after the crime. They did not proffer any evidence or testimony demonstrating that the photograph was "a fair and accurate representation of the scene depicted or that it was unaltered" (id. at 477-478 [citations omitted]). To the contrary, the police witness testified that he did not know whether the photograph had been altered. Furthermore, the People did not present any evidence "to establish that the web page belonged to, and was controlled by, [the] defendant" or any evidence as to when the photograph was created or posted (id. at 480; cf. People v Goldman, 35 NY3d 582, 595-596; People v Kingsberry, 194 AD3d 843; People v Franzese, 154 AD3d 706).
Accordingly, "admission of the photograph here lacked a proper foundation and, as such, constituted error as a matter of law" (People v Price, 29 NY3d at 480). The error cannot be deemed harmless in this case, which depended almost entirely on the testimony of the complainant whose credibility was significantly impeached (see id.; see generally People v Crimmins, 36 NY2d [*2]230, 242).
The defendant's remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court