State of New York
Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 51
The People &c.,
        Appellant,
    v.
Luis A. Rodriguez,
        Respondent.

William H. Branigan, for appellant.
Samuel Barr, for respondent.
The Legal Aid Society, amicus curiae.

CANNATARO, J.:

Defendant was charged in an indictment with attempted use of a child in a sexual performance, disseminating indecent material to minors in the first degree and endangering the welfare of a child. The charges stemmed from allegations that, between October 1, 2014 and November 12, 2014, defendant—a 43-year-old high school volleyball coach—

- 1 -

engaged in injurious acts toward a child, including sending numerous text messages containing sexual content to the 15-year-old victim, a player on his volleyball team. Text messages that defendant sent to the victim on November 7 came to light when the victim's 16-year-old boyfriend observed them on her phone, took screenshots of messages that were sexual in nature, and forwarded the screenshots to the victim's mother and himself. The boyfriend then physically attacked the victim, for which he was arrested shortly thereafter. The victim deleted all of the messages and reset her phone. However, her boyfriend showed the screenshots he had taken to police after his arrest. The victim's mother also provided the forwarded screenshots to police, and a detective printed the images after they were emailed to him from the mother's phone.

Prior to trial, defendant moved to preclude the admission at trial of printouts of six screenshots taken by the boyfriend, arguing that they violated the best evidence rule and were not properly authenticated. Supreme Court denied the motion, concluding that there was no "legal reason" not to permit the screenshots to be shown to the jury and that, "with the proper foundation," the screenshots would be permitted into evidence. At trial, the victim testified that defendant asked to exchange phone numbers and thereafter texted her several times a day in late October and early November 2014. To corroborate this testimony, the People submitted T-mobile records demonstrating that defendant and the victim communicated via text message or phone call 246 times during the relevant time period. The victim explained that the messages initially were nonsexual and about personal

matters, but progressed to messages containing sexual content that made the victim feel uncomfortable and "harassed." She described the explicit content of these text messages, including those depicted in the screenshots, and explained that she had regularly deleted text messages with sexual content, and provided defendant with photographic proof of the deletions, at his request. The victim then identified the six screenshots themselves, confirming that they depicted some of the messages sent to and from defendant's phone on November 7, and stated that the screenshots were a fair and accurate representation of those messages. Defendant objected again that admission of the screenshots violated the best evidence rule and were not properly authenticated, but the court overruled the objection.

Defendant was ultimately convicted as charged and appealed. The Appellate Division reversed, holding that a new trial was required based on the admission of the screenshots (187 AD3d 1063, 1064 [2nd Dept 2020]). Based in part on its conclusion that a new trial was required, the Court dismissed—in the interest of justice and with leave to the People to re-present any appropriate charges to a new grand jury—the first and second counts of the indictment as duplicitous (*id.* at 1064-1065). Two Justices dissented, and we now reverse.

The trial court acted within its discretion in determining that the People properly authenticated the screenshots. "[T]echnologically generated documentation [is] ordinarily admissible under standard evidentiary rubrics" and "this type of ruling may be disturbed by this Court only when no legal foundation has been proffered or when an abuse of

discretion as a matter of law is demonstrated" (*People v Patterson*, 93 NY2d 80, 84 [1999]). This Court recently held that for digital photographs, like traditional photographs, "the proper foundation [may] be established through testimony that the photograph accurately represents the subject matter depicted" (*People v Price*, 29 NY3d 472, 477 [2017] [internal quotation marks and citation omitted]). We reiterated that "[r]arely is it required that the identity and accuracy of a photograph be proved by the photographer" (*id.* [internal quotation marks and citation omitted]), which would be the boyfriend here. Rather, "any person having the requisite knowledge of the facts may verify" the photograph "or an expert may testify that the photograph has not been altered" (*id.* [internal quotation marks and citation omitted]).

Here, the testimony of the victim—a participant in and witness to the conversations with defendant—sufficed to authenticate the screenshots. She testified that all of the screenshots offered by the People fairly and accurately represented text messages sent to and from defendant's phone. The boyfriend also identified the screenshots as the same ones he took from the victim's phone on November 7. Telephone records of the call detail information for defendant's subscriber number corroborated that defendant sent the victim numerous text messages during the relevant time period. Moreover, even if we were to credit defendant's argument that the best evidence rule applies in this context, the court did not abuse its discretion in admitting the screenshots.

In short, under these circumstances, there was no abuse of discretion as a matter of law in the court's determination that the screenshots of the texts messages were sufficiently authenticated or in admission of the screenshots into evidence. Defendant's remaining contention has been considered and found to be lacking in merit. The Appellate Division's dismissal of the first two counts of the indictment was based upon its erroneous determination that a new trial was required as a matter of law because of the admission of screenshot evidence. On remittal, the Appellate Division should consider defendant's arguments regarding those counts in light of this opinion and determine other issues raised but not determined on appeal to that Court.

Accordingly, the order of the Appellate Division should be reversed and case remitted to that Court for further proceedings in accordance with this opinion.

Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein. Opinion by Judge Cannataro. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas and Troutman concur.

Decided May 19, 2022